### REIBSTEIN v. STENZ.

(Supreme Court, Appellate Division, First Department. November 4, 1910.)

1. EXECUTION (§ 72*)—PROCEEDINGS—SUFFICIENCY OF EVIDENCE. ·

On motion for an execution against a firm, in whose employment the judgment debtor was claimed to be, to satisfy a judgment out of his salary due and to become due from such firm, evidence *held* to show that such firm was only the agent of the concern by which the debtor was employed.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 162; Dec. Dig. § 72.*]

2. PRINCIPAL AND AGENT (§ 106*)—AUTHORITY OF AGENT—AUTHORITY TO DISBURSE.

Agents may only disburse their principal's money by the latter's authority, or pursuant to an order of court which is binding on the principal.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 311, 312; Dec. Dig. § 106.*]

3. EXECUTION (§ 18*)—PERSONS AGAINST WHOM EXECUTION MAY ISSUE.

Code Civ. Proc. § 1391, authorizing an execution against the wages or salary of a judgment debtor where the judgment is wholly or partly unsatisfied, and making it a lien and a continuing levy on such wages when presented to the person from whom they are due, and requiring such person to pay to the officer presenting the execution such part of the amount due as is prescribed therein, under the penalty of being liable to the judgment debtor, does not authorize an execution against an agent of the employer of the judgment debtor.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 44, 45; Dec. Dig. § 18.*]

Appeal from Special Term, New York County.

Action by Harry B. Reibstein against William A. Stenz. From an order denying the judgment debtor's motion to vacate an order directing the issuance of an execution, and to set aside such execution, he appeals. Reversed, and motion to vacate granted.

See, also, 137 App. Div. 918, 121 N. Y. Supp. 1145.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Harold A. Andrewes, for appellant.
Joseph I. Stahl (Jacob Manheim, on the brief), for respondent.

LAUGHLIN, J.  The order was granted on the theory that the judgment debtor was an employé of the firm of Boessneck, Brossel & Co., and 'that said firm was indebted to him for earnings, wages, or salary in the sum of $200, and would thereafter become indebted to him monthly during his employment for a like amount.  The provisions of said section material to the questions presented by this appeal are as follows:

"Where a judgment has been recovered and where an execution issued upon :said judgment has been returned wholly or partly unsatisfied, and where any wages, debts, earnings, salary, income from trust funds or profits are due and owing to the judgment debtor, or shall thereafter become due and owing to him, to the amount of twelve dollars or more per week, and where no execution issued as hereafter provided for in this section is unsatisfied and ·outstanding against said judgment debtor, the judgment creditor may apply to the court in which said judgment was recovered, or the court having ju:risdiction of the same, without notice to the judgment debtor and upon sat.isfactory proof of such facts by affidavits or otherwise, the court, if a court not of record, a judge or justice thereof, must issue, or if a court of rec·ord, a judge or justice must grant an order directing that an execution issue against the wages, debts, earnings, salary, income from trust funds or profits of said judgment debtor, and on presentation of such execution by the officer to whom delivered for collection to the person or persons from whom such wages, debts, earnings, salary, income from trust funds or profits are ·due and owing, or may thereafter become due and owing to the judgment ·debtor, said execution shall become a lien and a continuing levy upon the wages, earnings, debts, salary, income from trust funds or profits due or to become due to said judgment debtor to the amount specified therein which shall not exceed ten per centum thereof, and said levy shall be a continuing levy until said execution and the expenses thereof are fully satisfied and paid or until modified as hereinafter provided.  It shall be the duty of .any person or corporation, municipal or otherwise, to whom said execution shall be presented, and who shall at such time be indebted to the judgment debtor named in such execution, or who shall become indebted to such judgment debtor in the future, and while said execution shall remain a lien upon said indebtedness to pay over to the officer presenting the same, such amount of such indebtedness as such execution shall prescribe until said exe·cution shall be wholly satisfied and such payment shall be a bar to any action therefor by any such judgment debtor.  If such person or corporation, municipal or otherwise, to whom said execution shall be presented shall fail, or refuse to pay over to said officer presenting said execution, the percentage of said indebtedness, he shall be liable to an action therefor by the .judgment creditor named in such execution, and the amount so recovered 'by such judgment creditor shall be applied towards the payment of said exe·cution."  Code Civ. Proc. § 1391.

The order is based on the affidavit of one of the attorneys for the judgment creditor, which states that the judgment debtor is in the ·employ of said firm, "and that his wages, earnings, and salary exceed ·the sum of $12 per week, and amount to the sum of $200 per month, and that the same is payable to him by the said 'firm' each and every ·month, and that the same is now due and owing to said judgment debtor and shall hereafter become due and owing to him."  The order .and the execution follow this recital in the affidavit.

Affidavits made by the judgment debtor and by a member of said firm, denying that the judgment debtor was in the employ of the firm, ·or that any wages or salary are due or would become due to him from said firm, were read in support of the motion to vacate.  The examinations of the judgment debtor and of an employé of said firm in pro-

ceedings supplementary to execution were read in opposition to the motion, and it is claimed that they support the order and execution. We are of opinion that they do not. The judgment debtor testified that he was in business for himself in connection with said firm, not, however, in its employ, but acting as selling agent on a commission basis for silk mills, the names of which he gave; that he received 3½ per cent. from some of the silk mills and 4 per cent. from others, and employed sales agents on his own account, and charged commissions to the firm on the net amount of sales; that said firm has an arrangement with the silk mills by which the purchase price is remitted to the firm, and the firm deducts and pays the commissions due to him and its own commissions, and remits the net proceeds of the sales to the mills; that by an oral agreement between him and said firm the latter permits him to draw the sum of $200 each and every month for expenses, and the same is paid on his account, and charged to his commissions when received. The deposition of the employé of the firm is to the same effect, and further states that the silk mills consign the goods to the firm.

These depositions fail to show that the judgment debtor is in the employ of said firm, or that there is any binding contract by which the firm is obligated to make any advances to him. The only legitimate inference from the evidence is that the contract of the judgment debtor is with the silk mills, and that said firm acts as agent for the mills. For a breach of the contract the remedy of the judgment debtor would be against the principals, and not against their agent. The provisions of said section of the Code of Civil Procedure do not authorize an execution against an agent of the employer of the judgment debtor. The person, firm, or corporation against whom the execution is authorized to be issued becomes, by virtue of the provisions of law quoted, liable to the judgment creditor. On the facts here shown, it would be no defense to an action by the mills against said firm that it had paid the money to apply on the execution. Agents are responsible to their principals, and may only disburse the moneys of their principals by their authority, or pursuant to an order or judgment of a court which becomes binding on the principal, by having been made in an action to which he is a party, or on due notice to him, which is not the case here.

It follows that the order should be reversed, with $10 costs and disbursements, and motion to vacate the order and execution granted, with $10 costs. All concur.