## In re MURPHY.

### STANWIX v. FURLONG.

#### (District Court, N. D. New York. March 16, 1915.)

BANKRUPTCY ⇐196—EXECUTION AGAINST WAGES—STATUTORY PROVISIONS.

Under Code Civ. Proc. N. Y. § 1391, providing that where an execution has been returned wholly or partly unsatisfied, and where any wages, etc., are due the judgment debtor to the amount of $12 or more per week, an execution may be issued against the wages, etc., that on presentation of such execution to the "person or persons from whom such wages * * * are due and owing," it shall become a lien and a continuing levy upon such wages to the amount specified therein, not exceeding 10 per cent. thereof, and that it shall be the duty of any person or corporation "to whom said execution shall be presented, and who shall at such

time be indebted to the judgment debtor," to pay the officer holding the execution the amount therein specified, where, after the issuance of such an execution and its presentation to an employer, the employer became bankrupt and its trustee in bankruptcy conducted its business, employing his own help, though he continued to employ the judgment debtor, he had no right to retain, and pay to the officer holding the execution, 10 per cent. of the wages earned by such judgment debtor, prior to the date when the garnishee order and levy were presented to him and the levy made, so that the garnishee proceeding became effective against him, as the wages earned after the trustee's appointment were wages due and owing by the trustee, and not by the bankrupt.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 306–316; Dec. Dig. ⬤⟲196.]

In Bankruptcy. Application by the executrix of David H. Stanwix, a judgment creditor of Frank Furlong, for an order directing Edward Murphy, 2d, trustee of the Consumers' Albany Brewing Company, bankrupt, to pay certain money to her. Application denied, and trustee directed to pay such money to the judgment debtor.

On an agreed statement of facts the executrix of the last will and testament of David H. Stanwix, a judgment creditor of Frank Furlong, asks an order directing Edward Murphy, 2d, as trustee of Consumers' Albany Brewing Company, a bankrupt, to pay over to her the sum of $39.48, being 10 per cent. of the wages of the said Frank Furlong earned by him while at work for the said trustee in bankruptcy, who was conducting the business of the bankrupt by order of this court, and which wages were so earned by the said Furlong between September 29, 1914, and January 22, 1915.

Lewis Cass, of Albany, N. Y., for petitioner.
Leopold Minkin, of Albany, N. Y., for trustee.

RAY, District Judge (after stating the facts as above). Consumers' Albany Brewing Company became a bankrupt on or about September 29, 1914, and Edward Murphy, 2d, was duly appointed and qualified as trustee of said bankrupt. As such trustee, and by authority of the court, he continued the business of the bankrupt. Prior to such bankruptcy Frank Furlong was at work for the Consumers' Albany Brewing Company at a salary exceeding $12 per week, and David H. Stanwix having obtained a judgment against the said Furlong, an order and levy in garnishee was laid on the wages of said Furlong on or about July 19, 1913, to collect said judgment against the said Furlong, and upon which judgment there was due about $300. This levy in garnishee was made under and pursuant to the provisions of section 1391 of the Code of Civil Procedure of the state of New York, which provides as follows:

"Where a judgment has been recovered and where an execution issued upon said judgment has been returned wholly or partly unsatisfied, and where any wages, debts, earnings, salary, income from trust funds or profits are due and owing to the judgment debtor or shall thereafter become due and owing to him, to the amount of twelve dollars or more per week, the judgment creditor may apply to the court in which said judgment was recovered or the court having jurisdiction of the same without notice to the judgment debtor and upon satisfactory proof of such facts by affidavits or otherwise, the court, if a court not of record, a judge or justice thereof, must issue, or if a court of record, a judge or justice, must grant an order directing that an execution is-

sue against the wages, debts, earnings, salary, income from trust funds or profits of said judgment debtor, and on presentation of such execution by the officer to whom delivered for collection to the person or persons from whom such wages, debts, earnings, salary, income from trust funds or profits are due and owing, or may thereafter become due and owing to the judgment debtor, said execution shall become a lien and a continuing levy upon the wages, earnings, debts, salary, income from trust funds or profits due or to become due to said judgment debtor to the amount specified therein which shall not exceed ten per centum thereof, and said levy shall be a continuing levy until said execution and the expenses thereof are fully satisfied and paid or until modified as hereinafter provided, but only one execution against the wages, debts, earnings, salary, income from trust funds or profits of said judgment debtor shall be satisfied at one time and where more than one execution has been issued or shall be issued pursuant to the provisions of this section against the same judgment debtor, they shall be satisfied in the order of priority in which such executions are presented to the person or persons from whom such wages, debts, earnings, salary, income from trust funds or profits are due and owing. It shall be the duty of any person or corporation, municipal or otherwise, to whom said execution shall be presented, and who shall at such time be indebted to the judgment debtor named in such execution, or who shall become indebted to such judgment debtor in the future, and while said execution shall remain a lien upon said indebtedness to pay over to the officer presenting the same, such amount of such indebtedness as such execution shall prescribe until said execution shall be wholly satisfied and such payment shall be a bar to any action therefor by any such judgment debtor. If such person or corporation, municipal or otherwise, to whom said execution shall be presented shall fail, or refuse to pay over to said officer presenting said execution, the percentage of said indebtedness, he shall be liable to an action therefor by the judgment creditor named in such execution, and the amount so recovered by such judgment creditor shall be applied towards the payment of said execution."

Up to the time of the bankruptcy the provisions of the garnishee order and execution were complied with by the Brewing Company. From that time on and until January 22, 1915, the trustee being uncertain as to his duty, but having knowledge of the garnishee order and execution presented to the Consumers' Brewing Company, actually held back 10 per cent. of the wages due Furlong while at work for him as trustee. The trustee paid the same wages that the said Brewing Company had paid, but he employed his own help, and Furlong was not at work for the said Brewing Company, but for the trustee, and the trustee was liable to Furlong for the wages earned by him. No copy of the order or execution was served upon or presented to the said trustee prior to January 22, 1915, when the garnishee order and levy on the wages of Furlong were presented and the levy made, so that the garnishee proceeding became effective against the trustee. The 10 per cent. was retained by Murphy as trustee between the dates mentioned, amounting to the sum of $39.48, and has not been paid over to the city marshal of the city of Albany, who made the levy.

The question is whether or not the said trustee had the legal right to retain such 10 per cent. of the wages of Furlong while Furlong was at work for the trustee, and prior to the time when the garnishee order and execution were laid on the wages of Furlong earned while in the employ of the trustee, and whether such trustee has the right now, having retained such 10 per cent., to pay same over to the city marshal for the benefit of the petitioner. This court is of the opinion that under the section of the Code of Civil Procedure from which the above quo-

tation is made the trustee in bankruptcy had and has no such right. The trustee was not continuing and operating under a contract made between Furlong and the bankrupt corporation. He had the right to hire, and hired, his own employés, and Furlong among the number. The wages earned by Furlong after the appointment of the trustee were wages due and owing by the trustee to Furlong, and not by the Brewing Company. The provision of the statute provides that the order shall direct that an execution issue against the wages of the judgment debtor and that:

"On presentation of such execution by the officer to whom delivered for collection to the person or persons from whom such wages * * * are due and owing or may thereafter become due and owing to the judgment debtor, such execution shall become a lien and a continuing levy upon the wages * * * due or to become due to said judgment debtor to the amount specified therein which shall not exceed ten per centum thereof," etc.

The section further provides that:

"It shall be the duty of any person or corporation, municipal or otherwise, to whom said execution shall be presented and who shall at such time be indebted to the judgment debtor named in such execution or who shall become indebted to such judgment debtor in the future * * * to pay to the officer presenting the same such amount of such indebtedness as such execution shall prescribe until said execution shall be wholly satisfied and such payment shall be a bar to any action therefor by any such judgment debtor."

This execution was never presented to Edward Murphy, 2d, as trustee, and it was not his duty to retain such 10 per cent. or pay same to the officer who held the execution, as such officer never presented same to the trustee. It follows, this court thinks, that such retention and such payment to the officer, if made, would not bar an action for such 10 per cent. brought by Furlong against the trustee. It is evident that the judgment creditor held this view to an extent, inasmuch as on or about the 22d of January, 1915, she caused the execution referred to to be laid upon the wages of Furlong being earned by reason of his employment by the trustee.

This is a statutory proceeding, and to enable the judgment creditor to avail himself of it he or she must strictly comply with the provisions of the statute. To protect himself the person owing the wages to the laborer must see to it that the provisions of the statute are strictly complied with. The fact that the trustee did retain the 10 per cent. shows that he was making an honest effort to protect both the estate and the judgment creditor. The fact that he retained same and seeks the instruction of the court in the premises shows that he is equally anxious to protect the rights and interests of Furlong.

This court is of the opinion that Reibstein v. Stenz, 140 App. Div. 519, 125 N. Y. Supp. 508, while not exactly in point, is the same in principle, and that, as this execution was never laid against or presented to the trustee in bankruptcy during the time he was retaining the 10 per cent. referred to and prior to January 22, 1915, the said amount of $39.48 was improperly retained, and cannot properly be paid over to the city marshal or the petitioner, and should be paid to the judgment debtor, Frank Furlong. Of course, as proper proceedings were taken on or about January 22, 1915, the trustee from that date on was under

obligation to deduct the 10 per cent. and pay the same over to the city marshal.

The order will be that the trustee pay such 10 per cent., amounting to $39.48, to Frank Furlong, and take his receipt therefor, and the application for an order directing the trustee to pay same to the city marshal or the judgment creditor must be, and is, denied.