## STOCKLAND v. RUSSELL GRADER MFG. CO.

(Circuit Court of Appeals, Eighth Circuit. March 26, 1915.)

No. 4162.

1. PATENTS ⊜328—VALIDITY AND INFRINGEMENT—ROAD GRADER.
    The Clemons patent, No. 924,966, for a road-grading machine, claims 2 and 17, are sufficiently specific, when read in connection with the specification and drawings, to enable one skilled in the art to construct an operative machine. Such claims also *held* not anticipated, valid, and infringed.

2. PATENTS ⊜26—"INVENTION"—NEW COMBINATION OF OLD ELEMENTS.
    A new combination of old elements may disclose patentable invention.
    [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 27–30; Dec. Dig. ⊜26.
    For other definitions, see Words and Phrases, First and Second Series, Invention.
    Patentability of combinations of old elements as dependent on results attained, see note to National Tube Co. v. Aiken, 91 C. C. A. 123.]

3. PATENTS ⊜234—INFRINGEMENT—IDENTITY OF MODE OF OPERATION.
    Making what is a single part in a patented machine in two pieces does not avoid infringement, where they do the same work as the single piece in substantially the same manner.
    [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 370, 381; Dec. Dig. ⊜234.]

4. PATENTS ⊜240—INFRINGEMENT—IMPROVED DEVICE.
    That a patented machine is an improvement on that of a prior patent does not negative infringement of the earlier patent.
    [Ed. Note.—For other cases, see Patents, Cent. Dig. § 379; Dec. Dig. ⊜240.]

Appeal from the District Court of the United States for the District of Minnesota; Charles A. Willard, Judge.

Suit in equity by the Russell Grader Manufacturing Company against Charles K. Stockland, doing business as the Stockland Manufacturing Company. Decree for complainant, and defendant appeals. Affirmed.

Frank A. Whiteley, of Minneapolis, Minn., for appellant.
Amasa C. Paul, of Minneapolis, Minn., for appellee.

Before SANBORN, Circuit Judge, and TRIEBER and REED, District Judges.

REED, District Judge. In June, 1912, the Russell Grader Manufacturing Company, a corporation, sued Charles K. Stockland, doing business under the name of the Stockland Manufacturing Company, for infringement of claims 2, 3, 6, 11, 16, and 17 of letters patent of

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the United States, No. 924,966, issued to Harry K. Clemons, June 15, 1909 (application filed January 11, 1907), and a number of the claims of letters patent No. 918,633, issued to Carl O. Wold, April 20, 1909 (application filed October 12, 1908), both of which are for alleged improvements in road-grading machines, and for damages and an accounting of profits. (The Clemons patent was assigned to plaintiff November 26, 1910.)

The defendant by its answer admits the issuance of the patents and the assignments thereof to plaintiff as alleged, but denies their validity and its infringement of them. The hearing resulted in a decree sustaining claims 2 and 17 of the Clemons patent and that both of said claims were infringed by defendant, with the usual order for an accounting of profits and the assessment of damages, and dismissing the bill as to the other claims of that patent and the several claims of the Wold patent, because not infringed by the defendant. The case is here upon appeal by defendant from the decree against it upon claims 2 and 17 of the Clemons patent.

The road-grading machine of the plaintiff is so arranged that the moldboard, or scraper blade, as it is called, is carried upon a frame supported by wheels or trucks in the rear and in front of the blade, with mechanism by which the blade may be controlled in the operation of the machine in either direction along the road or grade upon which it is used. The patentee in his specifications describes the machine and its mechanism and mode of operation by appropriate reference to the drawings, and distinctly claims as his invention, among others, claims 2 and 17, which read in this way:

2. "In a road-grading machine, the combination with a pair of wheels connected to a pair of swinging oscillating brackets pivotally attached to a blade, with means for holding said swinging brackets where set, substantially as described."

17. "In a road-grading machine, the combination with a scraper blade of supporting wheels at the front and rear of said blade, crank axles connected to said blade with freedom for both lateral and vertical swinging movements, and to the rear portions of which crank axles the said rear wheels are journaled, independent devices for vertically adjusting said crank axles, and means holding the said crank axles for parallel lateral swinging movements, substantially as described."

[1] It is urged in behalf of the defendant that these claims are so vague, indefinite, and uncertain that they are void; that a machine made according to their disclosures would be inoperative; that they are anticipated by patents of the prior art, and, finally, that it does not infringe either of them if they are held to be valid. To follow counsel in the discussion in detail of these various objections to the claims would unduly extend the opinion and serve no useful purpose. It must suffice, therefore, to say of these objections that in our opinion each of these claims, when read in connection with the drawings and specifications of the patent, is sufficient to enable one skilled in the art to make the several parts of the machine described therein; and this satisfies the requirements of section 4888 of the Revised Statutes of the United States (Comp. St. 1913, § 9432). Mowry v. Whitney, 14 Wall. 620, 645, 20 L. Ed. 860; Ives v. Hamilton, 92 U. S. 426,

431, 23 L. Ed. 494; Brammer v. Schroeder, 106 Fed. 918, 930, 46 C. C. A. 41.

The contention that the 'machine of the Clemons patent in suit is inoperative, and the patent therefore invalid, rests chiefly upon the testimony of the patentee, Clemons, who testified in effect, as a witness in behalf of the defendant, that he had made two or three machines according to the specifications and drawings of that patent and that they proved inoperative; that he finally abandoned the attempt to make an operative machine and made machines upon other principles of construction which worked quite satisfactorily. The weight of the testimony of this witness is much lessened by the fact that upon advertising circulars of the machines that proved satisfactory were placed the words, "Patented June 15, 1909," and that he intended by this to convey the idea that they were covered by the patent to him in suit of that date, which he afterwards sold to the plaintiff; that before he so sold it he wrote the plaintiff that its "Simplex" machine, under which name the plaintiff sold its Clemons commercial machine, was an infringement of his patent that he afterwards sold to plaintiff. At the time the witness testified he was employed as manager (not as an officer) of a company that was a competitor of the plaintiff in selling road-grading machines. Having procured the patent upon the specifications and drawings originally filed by him in the Patent Office, and sold it to the plaintiff presumably for a fair consideration, he should not be heard to say in his own behalf, or for a competitor of his assignee of the patent, that a machine made according to its disclosures was inoperative and the patent therefor of no value; nor should it be held invalid, in favor of alleged infringers of the patent in the hands of his assignee, upon such testimony. Besides, it is not entirely clear from the testimony of Clemons that the changes in the construction of the machine which he says proved satisfactory were other than mere matters of detail. The specifications and drawings of a patent are intended only to enable one skilled in the art to make the machine therefrom, and the efficiency of the machine as an operative device depends very much, if not wholly, upon the skill of the mechanic who makes it. Ives v. Hamilton, 92 U. S. 426, 431, 23 L. Ed. 494. The defense of the invalidity of the patent because the machine of its disclosures was inoperative cannot be sustained.

The defendant pleaded and offered in evidence some 15 patents of the prior art, and contends that some of them at least anticipate the Clemons patent. The one chiefly relied upon is that to Mendenhall of May 13, 1884, No. 298,604. In this patent the supporting wheels are rigidly attached to a side beam G (of the drawings) and always move with it. They can have no movement independent of the beam, which also moves with the drawbar. In the Clemons machine the wheels are independent in their oscillating movement, both of the beam 26 and of the drawbar 15 of the drawings of that machine; and they can be held in position in which they may be set with reference to the beam and drawbar by means of the alignment bar 5 and the collars and stops connected therewith. The Clemons

construction is substantially different in this respect from the Mendenhall machine, and is not anticipated by it. That none of the prior patents show the entire combination of either of claims 2 or 17 of the Clemons patent is clear from the defendant's own testimony, who said upon cross-examination:

"Q. Now, what patent of the prior art offered in evidence comes the nearest to embodying the structure and mode of operation of the machine shown and described in the Clemons patent in suit, No. 924,966? A. I think the Mendenhall machine, patent No. 298,604, embodies the most of those features. Q. What one comes next? A. I think the Farmer machine, patent No. 151,656. Q. Those two, you think, come nearest of all in this lot to embodying all of the features and mode of operation of the Clemons patent? A. No; the Clemons machine has one operation that neither one of us has. Q. Well, I am asking you which of these patents of the prior art comes the nearest to embodying all of the features of the Clemons machine; and I understand you to say the Mendenhall and the Farmer come the nearest—is that right? A. Those are two of them; yes, I think so. Q. Now, if there are any others that in your judgment come close to the Clemons, I wish you would mention those. A. The Dague machine, patent No. 233,117; the Aldrich machine, patent No. 703,977; the Skinner machine, patent No. 364,445; the Maxey machine, patent No. 610,550; the Minard machine, patent No. 370,077; the Van Voorhis machine, patent No. 113,950; and the Everingham machine, patent No. 360,380. Q. You don't find in any one of these prior patents all of the features of the machine of the Clemons patent in suit, do you? A. In these old patents? Q. Yes. A. Not all the features; no."

[2] That some of the elements of claims 2 and 17 may be found in one or the other of the prior patents would not be an anticipation of the Clemons patent, which is for a new combination of elements that may be old. Bates v. Coe, 98 U. S. 31, 48, 25 L. Ed. 68; Imhaeuser v. Buerk, 101 U. S. 647, 660, 25 L. Ed. 945; Hobbs v. Beach, 180 U. S. 383, 392, 21 Sup. Ct. 409, 45 L. Ed. 586.

Does the defendant infringe the plaintiff's machine? The complainant corporation was organized in 1906; the defendant Stockland was an officer of that corporation from its organization until the fall of 1910, when he sold his stock therein and withdrew from the company. During his connection with the plaintiff he was superintendent of its factory. An "original" Clemons machine, as it is called, was built in the plaintiff's factory during the fall of 1907, while the defendant was plaintiff's superintendent, and he was familiar with its construction. It did not prove a complete success. In 1908 the plaintiff made and put upon the market its commercial machine under the name of "Simplex," in which some changes in detail of construction were made. It went into immediate use; its sales increased year by year, until they amounted to upwards of 2,200 prior to the commencement of this suit. The defendant Stockland was entirely familiar with this machine before he left the plaintiff company.

[3] After leaving the plaintiff he designed, made, and put upon the market and sold the machine complained of by plaintiff as infringing its "Simplex" machine, upon which he obtained a patent December 19, 1911, No. 1,012,109, upon an application filed in the Patent Office, December 27, 1910. This machine has a pair of wheels connected to a pair of swinging oscillating brackets at the rear of the scraper blade, corresponding to those in plaintiff's patent, which are pivotally at-

tached to the blade. The means for holding these brackets in position where set are connecting links or arms extending from the top of the pivot bars and two reversely positioned holding bars, *81* and *82* of the drawings. These bars perform in defendant's machine in connection with their locking means the same function in substantially the same way as do the alignment bar *5*, and the devices connected with it, of the Clemons patent. The fact that defendant makes its alignment bar in two parts or pieces, instead of one, will not relieve it from infringement of claim 2 of the Clemons patent if the alignment bar in two pieces does precisely what the single alignment bar of the plaintiff's machine does and in substantially the same way. Seymour v. Osborne, 11 Wall. 516, 560, 20 L. Ed. 33. The defendant's machine has two supporting wheels in front of the blade and such wheels perform the same function and in substantially the same way that the caster wheel, *23*, of claim 17 of the Clemons patent, does.

[4] It is urged that there is a presumption that the Stockland patent, which is later than the Clemons patent, does not infringe the earlier patent; and so there is; but there is an equally strong presumption that the Stockland patent is an improvement only of the Clemons machine. Century Electric Co. v. Westinghouse E. & Mfg. Co., 191 Fed. 350, 363, 112 C. C. A. 8. Defendant was familiar with the Clemons patent, saw the machine that was built by him in the plaintiff's factory during the late summer and fall of 1907, was familiar with the plaintiff's commercial machine "Simplex," and knew that plaintiff was selling this machine for some two years while he was superintendent of its factory and connected with the plaintiff before he applied for his patent. His invention, therefore, if any there be, is not prior to the Clemons invention, and at best is but an improvement thereof. It may be that his machine in some respects is better than that of Clemons, which we need not decide; but, if so, defendant does not escape infringement of Clemons if the devices are substantially alike. Machine Company v. Murphy, 97 U. S. 120, 125, 24 L. Ed. 935; Cantrell v. Wallick, 117 U. S. 689, 6 Sup. Ct. 970, 29 L. Ed. 1017; and see Hobbs v. Beach, 180 U. S. 383, 401, 21 Sup. Ct. 409, 45 L. Ed. 586. In Machine Company v. Murphy, above, the Supreme Court said:

"In determining the question of infringement, the court or jury, as the case may be, are not to judge about similarities or differences by the names of things, but are to look at the machines or their several devices or elements in the light of what they do, or what office or function they perform, and how they perform it, and to find that one thing is substantially the same as another, if it performs substantially the same function in substantially the same way to obtain the same result, always bearing in mind that devices in a patented machine are different in the sense of the patent law when they perform different functions, or in a different way, or produce a substantially different result, * * * as it is necessary in every such investigation to look at the mode of operation or the way the device works, and at the result, as well as at the means by which the result is attained. Inquiries of this kind are often attended with difficulty; but if special attention is given to such portions of a given device as really does the work, so as not to give undue importance to other parts of the same which are only used as a convenient mode of constructing the entire device, the difficulty attending the investigation will be greatly diminished, if not entirely overcome."

Without continuing the discussion further, it is sufficient to say that in our opinion the District Court rightly held claims 2 and 17 of the Clemons patent to be valid and infringed by the defendant's machine. The decree is affirmed.