### F. B. ZIEG MFG. CO. v. RUSSELL GRADER MFG. CO.

(Circuit Court of Appeals, Sixth Circuit. February 13, 1918.)

#### No. 3048.

PATENTS ☞328—VALIDITY AND INFRINGEMENT—ROAD-GRADING MACHINE.

The Clemons patent, No. 924,966, for a road-grading machine, claims 2 and 17, *held* valid, but, as limited by the prior art, not infringed by a machine in which the wheels must always automatically move with the drawbar and parallel with the line of draft.

Appeal from the District Court of the United States for the Southern District of Ohio; John E. Sater, Judge.

Suit in equity, by the Russell Grader Manufacturing Company against the F. B. Zieg Manufacturing Company. Decree for complainant, and defendant appeals. Reversed.

Staley & Bowman, of Springfield, Ohio (Border Bowman and Paul A. Staley, both of Springfield, Ohio, of counsel), for appellant.

A. C. Paul, of Minneapolis, Minn., and A. M. Allen, of Cincinnati, Ohio, for appellee.

Before WARRINGTON, KNAPPEN, and MACK, Circuit Judges.

KNAPPEN, Circuit Judge. This is an appeal by defendant in a patent infringement suit, and involves only claims 2 and 17 of the Clemons patent, No. 924,966, issued June 15, 1909. The District Court held both claims valid and infringed.

The patent is for a road-grading machine, whose mechanism may be described by reference to a reduced reproduction of Fig. 1 of the patent drawings.

The scraper blade *2* is carried on a frame supported by rear wheels *1* and a forward wheel *23*, which is pivotally connected to the front end of a beam *26*, which beam is connected between its ends to the reinforcing flange *11* on the upper edge of the scraper blade, its rear end being pivotally connected at *21* to the draw bar *15*. The latter is held in desired position by a latch *31*, engaging one of the perforations in the curved bar *19*. A release of the latch by the driver's foot enables the shifting of the line of draft. As the beam *26* is always at right angles with the scraper blade, and as the draw bar always remains in the line of draft, its adjustment with respect to the latch bar changes the angle of the scraper blade with reference to the line of draft, and so sets the blade at right angles with that line or obliquely thereto, thus enabling the scraping of the road from either side to the center or on a level. The wheels *1* are journaled on crank axles *4*, which in turn are journaled on swinging brackets *3* pivoted at their forward ends to flanges on the scraper blade and at their rear ends to an alignment bar *5*; links *7* on the crank axle connect with the lower arms *8* of operating levers (not shown in the drawing), by which the scraper

blade may be raised or lowered throughout its length or either of the opposite ends of the blade may be raised. The specification calls for mechanism (not shown in the drawing above and not involved in the claims in issue) for putting the swinging brackets into different angular positions, whereby the wheels may be set, at the will of the operator, in either perpendicular or oblique positions. In the regular operation ·of the machine the drawbar is locked to the latch bar by the latch *31*, and the alignment bar *5* is locked to the· beam *26* by stop collars *6* on the alignment bar, one on either side of the beam. The machine may be adjusted to any desired operative position by releasing the latch *31* and stop collars *6*. The claims in suit are printed in the margin.[1]

Whether defendant infringes depends upon the validity and scope of these claims.

Clemons was not a pioneer in the road grader art; nearly every important feature of his device was old when he entered the field. Mendenhall (to go· no further) had disclosed a machine by which (as shown in reduced Fig. 2 of the patent drawings—a plan view)—

*Fig. 2.*

the scraper blade *H* is pivotally hung beneath longitudinal side beams *G*, carried by side rods *F*, the blade being retained in the desired position by rods *V* attached at one end to the side beams and at the other end to perforated metal plates *R*[1], secured to the top of the scraper blade, the drawbar *A* being also pivotally attached by a bracket to the rear side of the scraper blade. The wheels are carried on brackets depending from the side beams, to which the upper ends are rigidly attached,

---

[1] "2. In a road-grading machine the combination with a pair of wheels connected to a pair of swinging oscillating brackets pivotally attached to a blade with means for holding said swinging brackets where set substantially as described."

"17. In a road-grading machine, the combination with a scraper blade, of supporting wheels at the front and rear of said blade, crank axles connected to said blade with freedom for both lateral and vertical swinging movements, and to the rear portions of which crank axles, the said rear wheels are· journaled, independent devices for vertically adjusting said crank axles and means holding the said crank axles for parallel lateral swinging movements, substantially as described."

their lower ends being pivoted upon brackets attached to the rear end of the scraper blade, which is raised or lowered by means of levers connected with the wheel brackets.

The differences between Clemons and Mendenhall, so far as here important, are these: The connection between Mendenhall's wheels, side beams and drawbar is such that the wheels must always move with the side beams, and thus with the drawbar; the turning of the draw-bar automatically turns the wheels, which must thus always maintain practical parallelism with the drawbar. In Clemons, however, the arrangement is such that the wheel brackets move independently of both beam and bar, and the wheels need not thus be constantly held parallel with the line of draft; they are capable of being held in the desired position with respect to beam and drawbar through the align-ment bar and the stop collars thereon. We agree with the Circuit Court of Appeals for the Eighth Circuit, that the Clemons patent shows invention over Mendenhall (Stockland v. Russell Co., 222 Fed. 906, 138 C. C. A. 386), but this invention we think resides only, so far as the claims here in issue are concerned, in the positive means for holding, where set, the independently moving and adjustable rear wheel brackets.

We are not impressed with plaintiff's contention that Mendenhall's disclosure is shown to be impracticable, nor by the suggestion that he had in mind only a road scraper, as distinguished from a road grader. His device was reasonably adapted for the latter purpose, though not as well adapted as that of Clemons. While Mendenhall showed no front wheel, there was nothing new in providing one.

Defendant's structure, as illustrated by the subjoined cut, may be thus compared with the device of the patent.

The scraper blade, as in the Clemons patent, is carried on a frame supported by rear and forward wheels; there is, however, no beam as distinguished from the drawbar; the unitary bar which takes the

place of plaintiff's drawbar and beam is pivotally connected near its rear end to the upper edge of the scraper blade; in front of this blade there is (as in Clemons) a circular latch bar adjustable on the drawbar, with perforations for connection therewith, and swinging brackets pivotally connected with the rear side of the scraper blade, to which brackets the levers which raise and lower the blade are pivotally connected, the short arms of the levers being rigidly connected. with the axles of the rear wheels. These axles are unlike the crank axles of the patent, for they permit no lateral and independent movement with respect to the drawbar; *the wheels must always automatically move with the drawbar and parallel with the line of draft.* In the rear of the scraper blade an alignment bar, whose ends are pivotally connected with the respective wheel-supporting brackets, is permanently pivoted at the center upon the extreme rear end of the drawbar, which obviously is not at all times at right angles with the scraper blade. Unless in its pivoting upon the drawbar, *the alignment bar has nothing corresponding to the stop collars of the patent.*

We think it clear that the alignment bar *5*, the stop collars *6* and the locking pins *33* are the "means" specified in the claims in suit respectively for "holding said swinging brackets where set" and for "holding the said crank axles for parallel lateral swinging movements." The alignment bar alone is not the means. Defendant has not this holding element, unless, as plaintiff contends, the term "means" should be construed broadly enough to include the pivoting of the alignment bar directly upon the drawbar. But this we think not permissible, for the alignment bar *I* of Mendenhall was, in effect, so pivoted through its connection with the cross bar *B*, which was itself directly pivoted upon the drawbar, thus establishing a permanent connection between wheel brackets and drawbar. Indeed, in defendant's structure there is wholly lacking the idea of a mechanically adjustable connection between wheel brackets and drawbar, to meet changes of draft angle. *The adjustment is automatic, as in Mendenhall.* This difference is, we think, controlling.

The fact, that the machine of the patent can be operated without the use of the stop collars on the alignment bar, so long as the angle of draft is unchanged, and is thus capable of a limited automatic movement, is not highly important; it has at all times the adjustable feature and positive holding means referred to, and such adjustment and holding means are necessarily used whenever the angle of draft is changed, and these holding means constitute an essential element of the claims in issue. Nor is it controlling, as respects the question of infringement of the claims in suit, that when the drawbar of the device of the patent is locked to its latch bar, the stop collars loose on the alignment bar and the scraper blade raised clear of the ground, a forward movement of the machine will cause the wheels to line up parallel with the drawbar. It is also immaterial, as respects the question of infringement, that in plaintiff's commercial machine, apparently manufactured as to some features under another patent than the one involved on this appeal, the stop collars are omitted and the alignment bar pivoted directly upon the drawbar.

We conclude that defendant does not infringe the claims in suit.

We find nothing in Stockland v. Russell Co., supra, opposed to this conclusion. The device there held to infringe had an alignment bar so constructed that in turning the machine one of the wheel brackets swings outwardly, independently of the drawbar.

The decree of the District Court is reversed, and the cause remanded, with directions to enter decree dismissing the bill.