RUSSELL GRADER MFG. CO. v. F. B. ZEIG MFG. CO.

(Circuit Court of Appeals, Sixth Circuit. June 3, 1919.)

No. 3263.

1. PATENTS ☞328—INFRINGEMENT—ROAD GRADER.
   The Wold patent, No. 918,633, for a road grader, *held* not infringed.
2. PATENTS ☞238—INFRINGEMENT—OMISSION OF ELEMENT.
   A claim is not infringed, if one of its elements is omitted, without the substitution of an equivalent.
3. PATENTS ☞246—INFRINGEMENT—OMISSION OF ELEMENT.
   In an overcrowded art, where a broad generic invention is not possible, a defendant, who omits altogether one element of a combination, cannot be held as an infringer, even though he makes another element do the double work.

Appeal from the District Court of the United States for the Southern District of Ohio; John E. Sater, Judge.

Suit by the Russell Grader Manufacturing Company against the F. B. Zeig Manufacturing Company. Decree for defendant, and complainant appeals. Affirmed.

A. C. Paul, of Minneapolis, Minn., for appellant.

Border Bowman and Paul A. Staley, both of Springfield, Ohio, for appellee.

Before WARRINGTON and KNAPPEN, Circuit Judges, and WALTER EVANS, District Judge.

KNAPPEN, Circuit Judge. Suit for infringement of United States patent No. 918,633, to Wold, April 20, 1909, on road graders. The bill includes also a charge of infringement of a road grader patent to Clemons, No. 924,966, also issued in 1909. In the District Court the Wold patent was held not infringed, but claims 2 and 17 of the Clemons patent were held infringed. Defendant alone appealed from the interlocutory decree, which was here reversed so far as the Clemons patent is concerned. Zeig v. Russell, 249 Fed. 56, 161 C. C. A. 116. Plaintiff now appeals from so much of the final decree below as holds the Wold patent not infringed.

[1] Plaintiff's machine, as constructed under the Clemons patent, is illustrated and described in our opinion on the former appeal. 249 Fed. 57, 59, 161 C. C. A. 116. Defendant's machine there illustrated was held not to infringe the Clemons patent, for the reason that, while the mechanism of that patent is such that normally the wheels always remain parallel with the drawbar, no matter what change is made in the direction of the scraper blade, yet in the regular operation of the machine the wheels are held in the desired position with respect to the drawbar by means of stop collars on the alignment bar, thus making the manual release of the collars necessary to adjustment of the scraper blade to a different operative position, while defendant's mechanism wholly lacks the stop collars, and is so constructed that the wheels

must always move automatically with the drawbar and parallel with the line of draft.

The general structure and mode of operation of the Wold and Clemons machines are, the same. Wold, who is subsequent to Clemons, differs from the latter in but two respects material here: (1) In having in substance the automatic feature just referred to, which defendant has, but which Clemons has not, and whose holding means we held gave Clemons invention over the patent to Mendenhall, issued 25 years earlier; and (2) in respect to the scraper blade carrying frame contained as an element in the claims of the Wold patent in suit, which are Nos. 5 and 9, and which are printed in the margin.[1]

Conceding, for the purposes, at least, of this opinion, that the claims in suit contain invention over the prior art, the question of infringement ultimately depends upon whether defendant has the elements of a "frame pivoted [on the drawbar]" and "a scraper blade carried by said frame." The frame structure described by the specification is sufficiently shown by so much of Fig. 1 of the patent drawings as relates to the operative portion of the machine:

The specification describes the frame element in question and its relation to the scraper blade as follows:

"A rectangular frame, * * * composed preferably of a forward channel bar *11*, a rear channel bar *12*, and end bars *13* connecting them. The rear bar *12* has a central pivotal connection with the drawbar *8* through a bolt *14*. The forward channel bar has a series of holes *15* therein, and a pin *16* is adapted to fit into one of said holes and into a slot *17* provided in the drawbar *8*. * * * Angle bars *18* are secured to the end bars *13*, and

---

[1] "5. In a grading machine, the combination with the drawbar, of a frame pivoted thereon, a scraper blade carried by said frame, bars pivoted at their forward ends, crank axles journaled in said bars and having carrying wheels, means for oscillating said crank axles, means connecting said bars with one another to hold them in parallel relation."

"9. In a grading machine, a frame and a scraper blade carried thereby in combination with pivoted bars and crank axles journaled therein, carrying wheels for said crank axles, means connecting said bars with one another to insure their simultaneous lateral oscillation and means for oscillating said crank axles."

braces *19* extend from these angle bars to bolts *20*, which pass through the webs of channel bars *21* and form the pivots therefor on the frame and particularly on the rear bar *12* thereof. The scraper *22* is rigidly secured to the angle bars *18* and braces *23* extend from said scraper to the bar *12*."

In brief, the "frame" of the claims in suit, as described in the specification, is composed of front and rear bars connected by end bars, and as a unitary structure·is directly and pivotally connected with the drawbar; the scraper blade is carried directly by this frame. A self-contained frame and a scraper blade carried thereby are important and undisputed features of plaintiff's patent. Each of the 13 claims contains them. Defendant's machine, as shown by reference to the cut in our former opinion (249 Fed. at page 59, 161 C. C. A. 116), lacks this self-contained frame feature, unless, as plaintiff contends here, the equivalent of that frame is found in the curved, partly D-shaped front-piece (attached to the drawbar), in connection with the scraper blade attached to the rear end of the curved front piece; the scraper blade thus closing the figure D formation.

[2] Whatever might be said of the asserted equivalency, were the grader art, or even frames for supporting the scraper blade, new, such is not the case in either respect. The grader art was old and crowded when Wold entered the field, and it was old (and presumably necessary) to carry the blade by some kind of a frame. Indeed, the scraper blade of both Clemons and Mendenhall were carried "on a frame supported by rear and forward wheels." 249 Fed. 59, 161 C. C. A. 116. Whatever invention there is in Wold's frame rests in its general structure, method of connections, and blade-carrying function, neither of which are found in defendant's machine. In the latter the drawbar, by means of a bracket on the rear of the blade, is pivoted in practical substance directly to the blade, which is rigidly secured to the curved frame. The latter not only lacks, to a substantial degree, the special features of flexibility afforded by plaintiff's carrying frame, but does not itself alone carry the blades. The drawbar directly contributes as much to that labor, as does the curved front piece. Granting that defendant's curved front piece is the equivalent of the front and side bars of Wold's frame, it yet wholly lacks Wold's rear bar, unless defendant's scraper blade is the equivalent of that bar. A claim is not infringed if one of its elements is omitted without the substitution of an equivalent. Cimiotti Co. v. American Co., 198 U. S. 399, 410, 25 Sup. Ct. 697, 49 L. Ed. 1100; Union Paper Bag Co. v. Advance Bag Co. (C. C. A. 6) 194 Fed. 126, 138, 114 C. C. A. 204; Proudfit Co. v. Kalamazoo Co. (C. C. A. 6) 230 Fed. 120, 139, 144 C. C. A. 418.

[3] In view of the prior art, defendant's scraper blade is not the equivalent of the rear bar of that frame. The blade cannot be made to do duty at one and the same time as the element carried and as a part of the carrying element. Defendant thus lacks this distinctive element of the claims in suit—the carrying of the scraper blade by the frame of the patent.

"In an overcrowded art, where a broad generic invention is not possible, a defendant who omits altogether one element of a combination cannot be held as an infringer, even though he makes another element do the double

work." Underwood Typewriter Co. v. Royal Typewriter Co. (C. C. A. 2) 224 Fed. 477, 479, 140 C. C. A. 163, 165.

Defendant has, in our opinion, in substantial effect so constructed his device as to dispense with the necessity of the function of plaintiff's blade-carrying frame. The case in this respect is not without analogy to that considered by us in Detroit Showcase Co. v. Kawneer Mfg. Co., 250 Fed. 234, at page 238, 162 C. C. A. 370. The situation is not, in our opinion, analogous to that found in Bundy Mfg. Co. v. Detroit Time Register Co. (C. C. A. 6) 94 Fed. 524, 537, 36 C. C. A. 375. What we said by way of distinguishing that case from the situation involved in Ohmer v. Ohmer, 238 Fed. 182, at page 193, 151 C. C. A. 258, applies here. In our opinion defendant does not infringe.

We find it unnecessary to consider the Hanna patent.

The decree of the District Court is affirmed.