24 C.C.P.A.(Patents)

## In re CARROLL.

### Patent Appeal No. 3763.

Court of Customs and Patent Appeals.
March 22, 1937.

Jerome R. Cox, of South Bend, Ind. (M. W. McConkey, of Chicago, Ill., and N. D. Parker, Jr., and F. P. Keiper, both of Washington, D. C., of counsel), for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming the decision of the Examiner holding appellant not entitled to make two claims (Nos. 29 and 30) of his application. Serial No. 365,405, for "Hydraulic Brake Apparatus." Claim 29 is illustrative and the same is quoted with the feature at issue italicized: "29. A compound master cylinder for a vehicle braking system including a housing having a pair of axially aligned communicating bores therein and a communicating outlet, one of said bores being smaller in diameter than the other, *large and small pistons in said large and small bores respectively, the small piston being operable by the larger piston,* means for moving the larger piston, yieldable packing means contacting with and coacting with the small piston for allowing the passage of fluid displaced by the larger piston to said outlet during only a portion of the stroke of said larger piston, and means for relieving the pressure created by the large piston when the passage of fluid from the large bore to said outlet is discontinued."

The Examiner rejected the counts upon two grounds, viz., double patenting and lack of disclosure of the feature above italicized. The Board held the ground of double patenting "unwarranted," but affirmed upon the second ground, saying: "Claims 29 and 30 are held not warranted by appellant's disclosure inasmuch as these claims also call for large and small pistons, the small piston being operable by the larger piston."

It may be said that, before the Examiner and the Board, another claim, copied from a patent for interference pur-

poses, was involved. This claim was disallowed and it was not included in the appeal to us. References were cited in connection with the issue of double patenting, but none in connection with lack of disclosure, which is the only issue to be determined here.

Appellant's specification makes no affirmative reference to the disputed feature, and reliance is placed upon the drawings for disclosure. Even the drawings need not here be described in detail. Figure 1 thereof discloses as a part of a somewhat complicated device a tubular element referred to throughout the specification as a "plunger." This plunger consists of a *unitary* member, the inner end of which is smaller than the outer end. Means are provided for a connection between the outer end of the member and the element (probably, in common parlance, a foot pedal) against which pressure is applied to operate the plunger. When the pressure is applied the plunger is moved forward and, through the operation of requisite means, unnecessary to be described, liquid is forced forward to act upon the brakes mechanism. The large end of the plunger passes through a larger bore than does the small end.

Appellant's claim is that the unitary member, having a large end and a small end, constitutes a large piston and a small piston within the meaning of the claims, and the theory is advanced that the small end is "operable" by the large end. It is urged that the claims should be given the broadest interpretation possible and that, in view of certain authorities cited, it is immaterial whether the parts be made integral or separate.

We find ourselves unable to concur in appellant's contentions, either as to the unitary member being two pistons, or as to the small end being operable by the large end. The feature is a unit and is operated as a unit, the whole moving forwardly as a result of the pressure placed upon the outer end and backwardly when the pressure is released. If a post is being driven into the ground, it could not very reasonably be contended that the lower end of the post is operable by its upper end. The entire post is operated upon and moved as a unit by the force which strikes its upper end.

Appellant quotes excerpts from the cases of Nathan et al. v. Howard (C.C.A.) 143 F. 889, Stockland v. Russell Grader Mfg. Co. (C.C.A.) 222 F. 906, and Parker v. Automatic Mach. Co. (D.C.) 227 F. 449, as illustrative of the principle that *infringement* is not avoided by consolidating two elements of a patent into one part. This principle may be taken as quite well settled in infringement proceedings, but the rule is different where the question of patentability is involved in a proceeding in the Patent Office upon an ex parte application. The case of In re Key, 76 F. (2d) 398, 22 C.C.P.A. (Patents) 1098, cited in the brief of the Solicitor for the Patent Office, seems directly in point in the instant case.

The decision of the Board of Appeals is affirmed.

Affirmed.

HATFIELD, Associate Judge, did not participate in this decision.