## MURRAY v. DETROIT WIRE SPRING CO.

(Circuit Court of Appeals, Sixth Circuit. June 3, 1913.)

### No. 2,341.

1. PATENTS (§ 327*)—SUIT FOR INFRINGEMENT—EFFECT OF PREVIOUS ADJUDICATIONS.

　　A decision sustaining the validity of a patent is conclusive in the same court in a subsequent case, unless there is materially different evidence.

　　[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 620–625; Dec. Dig. § 327.*]

2. PATENTS (§ 312*)—INFRINGEMENT—EVIDENCE.

　　That an alleged infringing device is covered by a later patent than the one in suit does not raise a presumption that it does not infringe, but only that there is a patentable difference between the two structures.

　　[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 544–549; Dec. Dig. § 312.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**3. PATENTS (§ 328\*)—INFRINGEMENT—SPRING SEAT.**

The Murray patent, No. 692,535, for a spring seat, *held* infringed by the structure of the O'Brien patent, No. 954,331.

**4. PATENTS (§§ 234, 239\*)—INFRINGEMENT.**

Infringement is not avoided by impairment of the functions of an element of a patented device in degree, if the distinguishing function is retained, nor by adding elements to the completed structure of the patent.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 370, 377, 378, 381; Dec. Dig. §§ 234, 239.\*]

Appeal from the District Court of the United States for the Eastern District of Michigan; Alexis C. Angell, Judge.

Suit in equity by William A. Murray against the Detroit Wire Spring Company. Decree (195 Fed. 774) for defendant, and complainant appeals. Reversed.

Murray brought the usual form of infringement suit, based on his patent No. 692,535, issued February 4, 1902, for a spring seat. The patent was considered by this court, and held valid, but not infringed, in an opinion by Judge Severens. Murray v. D'Arcy, 161 Fed. 352, 88 C. C. A. 364. The patent was there sufficiently described and typical claims are recited.

The defendant, in the present case, is manufacturing a form of spring seat structure shown by patent to O'Brien, No. 954,331, dated April 5, 1910. For purposes of intelligent comparison to determine infringement, we here reproduce Figures 3 and 4, Murray, and 3 and 4 of O'Brien.

W. A. Murray

No. 692,535.

*Fig. 3.*

*Fig. 4.*

T. O'Brien

954,331.

Fig. 3.

Fig. 4.

The District Court thought there was no infringement, and dismissed the bill. Murray appeals.

Murray & McCallester, of Cincinnati, Ohio (W. F. Murray, of Cincinnati, Ohio, of counsel), for appellant.

Barthel & Barthel, of Detroit, Mich. (C. R. Stickney and Otto F. Barthel, both of Detroit, Mich.; of counsel), for appellee.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

DENISON, Circuit Judge (after stating the facts as above). [1] In the former case, it was decided that the patent was valid, but was not entitled to a broad range of equivalents. The record in the present case contains several earlier patents not before considered, but nothing of strikingly different character or effect, or which ought to lead us to a different conclusion from that before reached. As was said by this court under similar circumstances in Dowagiac Mfg. Co. v. Brennan, 127 Fed. 145, 62 C. C. A. 259:

"The validity of the patent is a thing which must be regarded as adjudged, and must be accepted as the starting point for discussion."

[2] The fact that defendant's structure is covered by a patent later than complainant's we lay out of consideration, for the reasons stated in Herman v. Youngstown Co., 191 Fed. 579, 112 C. C. A. 185. See, also, Ries v. Barth (C. C. A. 7) 136 Fed. 850, 854, 69 C. C. A. 528, and Ryder v. Schlichter (C. C. A. 3) 126 Fed. 487, 490, 61 C. C. A. 469.

[3] Adopting that view of the Murray structure which was taken by this court in the other case, and in which we are confirmed by this record, his patentable novelty consisted in that support against lateral bending in any direction and that vertical maintaining of the spring, which support and maintenance were given by the four perforations in the arched strip. Having thus four bearing points in the same horizontal plane, the rise in the spiral between bearing points caused, at these four points, top and bottom friction, which, when the lower coil was screwed in through the holes, would tend to prevent it from unscrewing and to hold it rigidly with reference to the spring's vertical axis. This top and bottom friction, due to the rise of the spiral, being characteristic of the Murray invention, and not being found in the D'Arcy structure, the latter was determined to be noninfringing.

We are satisfied that the O'Brien device does embody the elements of the Murray invention and claims, and in particular that it has the characteristic action and effect which were found not present in D'Arcy. O'Brien has the arched strip. The exhibits show that his arch is somewhat narrower than Murray's, but this difference must be a mere matter of degree, unless and until the walls of the arch approach so near together that they operate as a single vertical strip rather than as an arch, and do not, by their lateral spacing, give support to the spring at two points far enough apart to prevent tilting of the spring laterally of the strip. O'Brien also provides for the spring four perforations in the walls or edges of the arched strip. These perforations, as in Murray, are in the same horizontal plane, and, as in Murray, are in pairs. O'Brien has made additions to Murray. He has added horizontal flanges at the bottom of the arch, and has struck up or offset the bottom spring coil between the arch walls, so that the spring cannot unscrew. As O'Brien's side walls are closer together than Murray's, and as O'Brien has made his perforations larger to give more play to the spring, his perforations do not support the spring against bending laterally of the strip as well as do Murray's; and so his side flanges, which additionally prevent the bottom coils

from tilting, and his offset, which forces the coil into closer contact with the flange, undoubtedly do co-operate with the four perforations in keeping the spring upright, and get a better and more efficient result in this respect than would be accomplished by his arch walls and perforations alone. However, this is addition, not substitution. We find by experiment, as seems apparent from observation, that if O'Brien's flanges are bent down into the same plane as the side walls, so that he has nothing except the arch with four perforations, 'the spring will be maintained, not perfectly, but moderately well, in vertical position, and this result is, at least in part, due to the top and bottom friction at the four perforations or bearings, and caused by the rise in the spiral. What O'Brien did was not to abandon the characteristic function of Murray, but to impair this function by slightly narrowing the arch and enlarging the perforations. He then neutralized this impairment by adding the horizontal flanges and the offset.

[4] We think O'Brien's structure comes within the settled rule that infringement is not avoided by impairment in degree so long as the distinguishing function is retained (Penfield v. Chambers [C. C. A. 6] 92 Fed. 630, 653, 34 C. C. A. 579; King v. Hubbard [C. C. A. 6] 97 Fed. 795, 803, 38 C. C. A. 423), and within the principle that infringement is not avoided by adding elements to the complete structure of the patent claim (Macomber's Fixed Law of Patents, §§ 447, 448).

The defendant is not manufacturing the complete spring seat with the frame, but the exhibit, "Defendant's Manufacture No. 1," is clearly intended for attachment to a frame, and can have no other use. Under the familar rule of contributory infringement (Thomson-Houston Co. v. Ohio Co. [C. C. A. 6] 80 Fed. 712, 26 C. C. A. 107) it infringes claims 1, 2, and 3. Exhibit, "Defendant's Manufacture No. 2," embodies a frame and infringes claim 5.

The decree will be reversed, with costs, and the record remanded, with instructions to enter a decree for complainant on claims 1, 2, 3, and 5, and for further proceedings not inconsistent with this opinion.