EVANS et al. v. HALL PRINTING PRESS CO.

(Circuit Court of Appeals, Second Circuit. April 13, 1915.)

No. 231.

1. PATENTS ☾⟶165—CONSTRUCTION OF CLAIMS.
   When the language of the claims of a patent is clear and distinct, the patentee is bound by it.
   [Ed. Note.—For other cases, see Patents, Cent. Dig. § 241; Dec. Dig. ☾⟶165.]

2. PATENTS ☾⟶246—INFRINGEMENT—COMBINATION.
   A patent for a combination is not infringed by a device from which some of the elements of the combination are omitted.
   [Ed. Note.—For other cases, see Patents, Cent. Dig. § 387; Dec. Dig. ☾⟶246.]

3. PATENTS ⬳328—INFRINGEMENT—ROTARY PRINTING MACHINE.
     The Evans & Wichmann patent, No. 958,484, for a rotary printing
   machine, claim 3, *held* not infringed.

Appeal from the District Court of the United States for the Southern District of New York.

On appeal from a decree of the District Court of the United States for the Southern District of New York finding claim 3 of letters patent No. 958,484 granted to A. B. Evans and G. C. H. Wichmann valid and infringed.

J. Edgar Bull and George F. Scull, both of New York City, for appellant.

Victor D. Borst and William M. Stockbridge, both of New York City, for appellees.

Before LACOMBE, COXE, and WARD, Circuit Judges.

COXE, Circuit Judge. The patent in controversy was granted May 17, 1910, to Evans and Wichmann for improvements in rotary printing machines for printing on sheets of paper, card, metal and the like in the form of sheets which can be bent around a cylinder. The machine comprises suitable printing surfaces grouped upon the periphery of three constantly rotating cylinders, which may be brought into mutual contact or removed from such contact as may be required during the working of the machine.

The first cylinder carries on its printing surface or surfaces one or more designs in the same or different colors, which are inked or damped and inked in the usual manner. The second cylinder carries a number of printing surfaces adapted to receive impressions from the surfaces of the first cylinder. The third cylinder carries a single printing surface adapted to receive impressions from the surfaces on the second cylinder. The diameter of the third cylinder is a submultiple of the diameter of the second cylinder, such submultiple corresponding with the number of printing surfaces carried on the second cylinder. By bringing into use all or some of the printing surfaces and by proper adjustment of the gripping and releasing mechanism, such a machine can be arranged to print upon either or both sides of the paper or metal, in one or more colors. Figure 1 shows the machine arranged for printing in a single color; in figure 2 the cylinder $a$ is of the same diameter as cylinder $c$ and carries only one printing surface adapted to transfer an impression to each of the blankets on cylinder $b$, at each revolution of the machine. If a sheet is fed to cylinder $c$, at each revolution thereof, there will be two sheets printed at every revolution of the machine. The specification points out how the machine may be altered for printing in two colors consecutively on the same side of the sheets or on the same side in different colors at the same time. The third claim, which alone is involved, is as follows:

"3. A rotary printing machine comprising a continuously rotating first cylinder, a plurality of printing surfaces on its periphery, a continuously rotating second cylinder of the same diameter as the first cylinder, printing surfaces on the second cylinder equal in number to those on the first cylinder,

a continuously rotating third cylinder of a diameter which is a submultiple of that on the second cylinder, a single printing surface on the said third cylinder, the three cylinders being adapted to be moved into and out of printing contact with each other and means carried by the third cylinder for retaining a sheet to be printed when fed thereto."

The only defense is noninfringement. Since the argument we have received letters from counsel for the complainants to the effect that a German patent corresponding to the patent in suit has been sustained by the "highest legal court of Leipzig." We have also received a similar communication from counsel for defendant stating that the British patent, for the same combination has been declared "invalid and not infringed." As the question here is one of infringement, we do not think that these decisions, if both were before us, would be particularly helpful. We must construe the terms of the patent as they are understood in this country. The term "printing surfaces" means in the English language "surfaces from which you actually print."

The claim contains the following elements, in a rotary printing machine:

First, a continuously rotating first cylinder.

Second, a plurality of printing surfaces on its periphery.

Third, a continuously rotating second cylinder of the same diameter as the first cylinder.

Fourth, printing surfaces on the second cylinder equal in number to those on the first cylinder.

Fifth, a continuously rotating third cylinder of a diameter which is a submultiple of that of the second cylinder.

Sixth, a single printing surface on the said third cylinder.

Seventh, the three cylinders being adapted to be moved into and out of printing contact with each other.

Eighth, means carried by the third cylinder for retaining a sheet to be printed when fed thereto.

We have, then a claim containing eight elements. It is axiomatic that one who omits one of these does not infringe. It is contended by the defendant that the construction placed upon the claim by the court below fails to take into consideration the second, fourth and sixth of the elements as above stated, and that these elements are not found in the defendant's combination. We do not understand that this is seriously controverted by the complainants and are unable to adopt the explanation suggested by them as follows:

"Of course only one (segment) was used in the printing operation in a single color machine. That is pointed out in lines 3 to 9 of page 2 of their specification and is plainly indicated in plates 4 and 8 at the end of appellant's brief. But in drafting their claim they looked beyond the simplest embodiment of their invention, they saw the potential uses of these segments and they naturally, inadvertently if you will, referred to them both as printing surfaces, even when only one of them was used."

[1] The inventor can, of course, use any language he wishes in describing his invention and in stating his claims. Having done so, however, he must abide by the phraseology chosen. It is then too late to reconstruct his claims by adding to or subtracting from the language used. This rule may result in hardship in many cases but a contrary rule would work a far greater injustice and would enable the patentee

to hold as infringers those who have invested their capital in what they supposed, relying on the plain language of the patent, to be a perfectly legitimate business. When the language of the claims of a patent is clear and distinct, the patentee is bound by it. Keystone Bridge Co. v. Phœnix Iron Co., 95 U. S. 274, 24 L. Ed. 344; Merrill v. Yeomans, 94 U. S. 568, 24 L. Ed. 235.

[2, 3] We know of no authority where a defendant has been held as an infringer of a combination claim where he omits three of the elements of the combination. If the defendant omits one or more of the elements which make up the combination he no longer uses the combination. It is no answer to assert that the omitted elements are not essential and that the combination operates as well without as with them. The patentee was at liberty to describe his combination as he saw fit, having done so, the rights of the public are involved and the court cannot construe the claim precisely as if all reference to the said printing surfaces were omitted.

The decree is reversed with costs.