UNDERWOOD TYPEWRITER CO. v. ROYAL TYPEWRITER CO.

(Circuit Court of Appeals, Second Circuit.   May 12, 1915.)

No. 261.

1. PATENTS ☞328—VALIDITY AND INFRINGEMENT—TYPEWRITERS.

The Manning patent, No. 609,036, the Wagner patent, No. 624,135, and the Kunath patent, No. 845,240, each for a typewriter, do not cover any broad generic invention, but minor improvements only, and their claims, if valid, must be narrowly construed. As so construed, *held* not infringed.

2. PATENTS ☞246—INFRINGEMENT—OMISSION OF ELEMENT OF COMBINATION.

In an overcrowded art, where a broad generic invention is not possible, a defendant who omits altogether one element of a patented combination cannot be held an infringer, even though he makes another element do the double work.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 387; Dec. Dig. ☞246.]

Appeal from the District Court of the United States for the Southern District of New York.

This action was brought upon claims 1 and 3 of a patent issued to E. J. Manning, No. 609,036, dated August 16, 1898; claims 16 and 18 of a patent to F. X. Wagner, No. 624,135, May 2, 1899, and all the claims, five in number, of a patent to E. G. Kunath, No. 845,240, of February 26, 1907. After the hearing, a motion was made by the complainant to add to the record letters patent No. 1,100,301 issued to the defendant as assignee of Hess, June 16, 1914. This motion was granted. The decree below dismissed the bill.

Arthur v. Briesen, of New York City (Fred A. Klein, of New York City, of counsel), for appellant.

Edward C. Davidson and J. J. Kennedy, both of New York City, for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

COXE, Circuit Judge.   [1] The record shows that the typewriting art has been developing for at least 40 years, during which period, although the general principle of operation remained unchanged, innumerable changes have been made and minor improvements added. At the dates of the Manning, Wagner and Kunath patents there was no opportunity for a broad generic invention in typewriters and it cannot be successfully contended that the claims in issue cover such an invention. They must be strictly construed and limited to the precise improvements claimed. There is no room for the doctrine of equivalents.

The main questions involved are whether the claims in suit are valid and if so whether they are infringed. The court below found the

claims invalid and those of the Wagner and Kunath patents not infringed.

We are clearly of the opinion that the prior art as shown in the record renders it impossible to predicate invention of the minor improvements covered by the claims in issue and, if held valid at all, they must be so limited as not to cover the defendant's machine.

It is wholly unnecessary to enter upon a minute description of the many parts forming the combinations which are the subject of this controversy. Judge Hough, so far as the issues in this action are concerned, has done this so clearly and succinctly that extended description is unnecessary. Speaking of Manning's contribution to the art as embodied in the claims in controversy (Nos. 1 and 3) he says:

"What Manning did was to affix in an extremely simple manner to a platen carriage, a piece of metal marked as a scale. His appliance necessitated no change in the structure of the typewriter or any substantial part thereof. Every part of the machine operated in the same way for the same reason and with the same results after Manning's addition was put on as it did before."

As to the Wagner and Kunath patents Judge Hough says:

"If there is anything in the Wagner patent at all, since the Manning patent was prior art for Wagner, there was nothing left for the latter to invent but the details of mechanism, and he does not claim that. The same may be said of Kunath. As combination patents I think they are worthless in view of the prior art even if they are not aggregations. But if one is to turn from the mere language of the claims to a study of the thing exhibited in court as the perfect fruit of Wagner and Kunath, then the two last named patentees invented nothing but certain details of mechanism which must be very narrowly viewed and are not infringed by defendant."

The main features of the typewriters here in issue were present in all the machines of the prior art but these features were embodied in different mechanisms, operating upon substantially the same principal, each showing, perhaps, some minor improvement over its predecessors but all attempting to accomplish the same result. The typewriter depends for its efficiency upon the careful construction of its various parts and the accuracy of their interdependent action precisely as does a clock or a watch. We can take judicial notice of the fact that the art of clock and watch making is centuries old and yet, in essential features, horology is the same to-day as it was 500 years ago. The modern watch contains many improvements over the watch in use 50 years ago and yet both possessed the same essential features—the mainspring, the balance spring, the train of wheels, etc. No one would seriously contend that by changing the size or location of these parts or by adding new ones he could secure a patent which would prevent others from making improvements on similar lines.

This is what the patentees attempted to do in the present case. Manning's object was to determine where a character or a line of characters "will appear upon the paper before the same are written so that the paper may be shifted to the exact position to receive the impact of the type on the line or point indicated." In other words, his object was so to locate the paper that it would be printed upon

at the desired point—not a very difficult problem, in view of what the prior art disclosed. Wagner's problem was equally simple. In the prior structures the feed-rollers were separately mounted marginal rollers separately moved and maintained out of action when it was desired to straighten the paper on the platen. Wagner's object was to provide a simple mechanism for simultaneously throwing the feed-rolls which co-operate with the paper platen out of operation by a single movement of a hand actuated lever.

Kunath's problem also was not difficult, his object being to provide an easy means for moving the platen scale to and away from the writing line. It seems to us that all of these improvements would suggest themselves to an ordinarily intelligent workman in a typewriter factory the moment the operator of the machine complained that it was inconvenient for him to do the work by hand.

Manning's first claim, which is sufficient for our present purpose is as follows:

"1. In a typewriter, the combination of a reciprocating paper carriage, a platen carriage which is vertically movable to bring the printing point into the path of the upper or lower case characters, an indicating bar carried by said platen carriage and means for moving the indicating bar to and away from the printing point when the platen is in either the lowered or elevated position."

It will be observed that the first member of this combination is "a paper carriage" and the second is "a platen carriage." The defendant does not use such a platen carriage or an indicating bar carried by a platen carriage. The complainant seeks to avoid this omission of one element of the combination by the contention that the paper carriage rises and falls. Such a construction seems inadmissible and especially so in an art where a broad construction of the claim is out of the question.

[2] In an overcrowded art, where a broad generic invention is not possible, a defendant who omits altogether one element of a combination cannot be held as an infringer, even though he makes another element do the double work.

The patent to White and the patent to Barron disclose, substantially, all that is shown in the Manning patent as exemplified by the claims in controversy. In the Manning patent the platen carriage moves vertically while in the prior patents it moves horizontally. In other words, the claims of the Manning patent, if construed broadly, are invalid in view of the prior art and if construed narrowly the defendant does not infringe them.

Wagner's claims Nos. 16 and 18 are as follows:

"16. In a typewriter, the combination of a reciprocating carriage, a platen carriage which is vertically movable to bring the printing point into the path of the upper or lower case characters, an indicating bar carried by said platen carriage, feed rollers co-operating with said platen and means for moving the indicating bar to and away from the printing point when the platen is in either the lowered or elevated position and for simultaneously conveying the feed rollers into and out of contact with the platen."

"18. In a typewriter, the combination of a reciprocating paper carriage, a platen, feed rollers co-operating therewith, a platen carriage which is vertically movable to bring the printing point into the path of the upper or lower

case characters, an indicating bar carried by said platen carriage and being adapted to be moved to and away from the printing point in a perpendicular plane when the platen is in either the lowered or elevated position and means for moving said scale and simultaneously conveying said feed rollers into and out of contact with the platen."

Here are two combination claims containing five and six elements respectively and said to be identical with the first and third claims of the Manning patent, except as to "the feed-rollers" and means for simultaneously conveying the feed-rollers into and out of contact with the platen. As we have held that the defendant does not use a platen carriage which is vertically movable, it is clear that it does not infringe any combination claim of which such a carriage is one of the elements and as the defendant does not employ a reciprocating carriage it is manifest that it does not infringe a claim for a combination of which these carriages are elements.

Kunath's first claim is as follows:

"1. In a typewriting machine, the combination with a platen, of a set of pressure rolls, a pressure roll releasing mechanism including a rock shaft extending along the platen and having arms at its ends, a scale in front of the platen and pivoted at its ends upon said arms, and a spring for pressing said scale toward the platen."

The alleged novel feature of this patent and of its claims is the addition to an Underwood typewriter, as shown in the drawings, of an indicating scale pivotally mounted and a spring to press the scale towards the platen. He says:

"The object of the invention is to provide a simple, readily applied, inexpensive, and efficacious means for moving the platen scale to and away from the writing line."

The defendant's construction is entirely unlike the structure of the Kunath patent. It does not have the rock shaft of the patent, but two rock shafts operating independently. The patent shows one rock shaft by which the scale and feed rolls are moved simultaneously. The defendant does not use such a structure and a construction broad enough to include its structure would render the claim invalid in view of the prior art. This is without doubt a narrow construction of the claims, but no other construction is possible in such a crowded art.

The Hess patent was added to the record after the argument and has, it seems to us, little relevancy to the matters here in issue. We prefer to leave it as we find it without further comment. Should it ever become necessary to construe its claims it should be in an action where it has been tested and examined as other patents are and where the court can, if it so desires, avail itself of the opinions of experts.

The decree is affirmed with costs.