AMERICAN GRAPHOPHONE CO. v. AMERICAN PARLOGRAPH CORP.

(Circuit Court of Appeals, Second Circuit. June 6, 1916.)

No. 134.

PATENTS ⊂⊃174—CLAIMS—CONSTRUCTION.
　　Claims in patents for minor improvements, in an art already well understood, should be strictly construed.
　　[Ed. Note.—For other cases, see Patents, Cent. Dig. § 249; Dec. Dig. ⊂⊃174.]

Appeal from the District Court of the United States for the Southern District of New York.

Bill by the American Graphophone Company against the American Parlograph Corporation. From a decree dismissing the bill, complainant appeals. Affirmed.

On appeal from a decree of the District Court for the Southern District of New York dismissing the bill which was based on five letters patent for Graphophone-reproducers and Sound-reproducers.

C. A. L. Massie and Ralph L. Scott, both of New York City, for appellant.

Cabell & Gilpin and Hartwell Cabell, all of New York City, for appellee.

Before COXE, Circuit Judge, and HOUGH and MAYER, District Judges.

COXE, Circuit Judge. This is an equity action to restrain the infringement of five letters patent for improvements in dictating machines. Three of these patents were granted to McDonald, one to Gilbert and one to Haines. These patents are for minor improvements which required little exercise of the inventive faculties. The trial judge dismissed the bill without opinion.

The defendant's contention as to all the claims in issue is that if the claims are construed broadly enough to include the defendant's devices they are invalid, in view of the prior art; if, on the contrary, they are confined to the precise structures described and shown they are not infringed.

The defendant is the selling agent of a German corporation engaged in the same business as the complainant. The patent to Haines No. 1,042,110 which, apparently, is chiefly relied on by the complainant, must, in view of the prior art, be strictly limited to the construction shown and described. When so limited the defendant does not infringe. The Haines patent is dated October 22, 1912, and the McDonald patent 842,897 was issued February 5, 1907. It discloses a weight to force the stylus into contact with the record tablet. This patent and the patents to Clarke and the Clarke Exhibits Y and X leave little room for invention in the structures shown in the claims in controversy.

The McDonald Mandrel patent No. 579,595 is invalid for lack of invention. In view of the admission of the complainant's expert that the principle of operation is identical with that shown in a drawing of the prior Watson patent, nothing further need be said.

The Gilbert patent in view of the prior art was properly held invalid for lack of invention.

The McDonald Long Bearing and Center of Gravity patents, if they contribute anything to the art which rises to the dignity of invention must be strictly construed, and as so construed they are not infringed.

The decree is affirmed with costs.