## MURRAY v. C. L. GREENO CO.

### (Circuit Court of Appeals, Sixth Circuit. June 16, 1916.)

### No. 2809.

PATENTS ⬯234—INFRINGEMENT—WHAT CONSTITUTES.

Where the only invention of complainant's patent No. 692,535 for a spring seat consisted in the particular means for attaching the springs to their supports, the springs being screwed through four perforations in an arched metallic support, all of which, being in a horizontal plane, the spring-ends were distorted, and the springs securely locked in place by the top and bottom friction induced by the rise of the spiral, a spring seat, whereby the spring coils were inserted through four perforations, but which were not in the same horizontal plane, so that the spring had to be locked in its position by compressing the lower coil against the support, does not constitute an infringement.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 370, 381; Dec. Dig. ⬯234.]

Appeal from the District Court of the United States for the Southern District of Ohio; Howard C. Hollister, Judge.

Suit by William A. Murray against the C. L. Greeno Company. From a decree for defendant, complainant appeals. Affirmed.

W. F. Murray, of Cincinnati, Ohio, for appellant.
W. R. Wood, of Cincinnati, Ohio, for appellee.

Before WARRINGTON and KNAPPEN, Circuit Judges, and SATER, District Judge.

PER CURIAM. Suit for infringement of United States patent, No. 692,535, issued February 4, 1902, to Murray for spring seat. The district court found noninfringement.

The patent has already been twice considered by this court, and held to disclose patentable invention only in the particular means shown for attaching the springs to their support. These means comprise four perforations in an arched metallic support, through which the lower end of the spring is screwed; these perforations being all in the same horizontal plane, the spring-end is thereby distorted and the spring securely locked in place by the top and bottom friction induced by the rise of the spiral. Murray v. D'Arcy Co., 161 Fed. 352, 88 C. C. A. 364; Murray v. Detroit Wire Spring Co., 206 Fed. 465, 124 C. C. A. 371.

In the D'Arcy Case defendant was held not to infringe because the locking means of the patent in suit were absent. In the Detroit Spring Company Case defendant was held to infringe because it employed those means.

In the instant case, while the lower coil of defendant's spring is inserted through four perforations in the arched strip, these perforations are not in the same horizontal plane; on the contrary, the difference between the horizontal planes of the two sets of perforations is the same as the rise of the spiral. There is thus no appreciable distortion of the spring due to its entering the support; and it is not held in position by the friction due to the rise of the spiral, for there is no such appreciable friction. The spring is required to be locked in position by compressing the lower coil of the spring against the support. Defendant's device thus lacks the characteristic feature of complainant's device, constituting its only claim to patentability. The district court properly held that defendant does not infringe.

It becomes unnecessary to consider the alleged new anticipatory reference.

The decree of the district court is affirmed, with costs.