WATERBURY FARRELL FOUNDRY & MACHINE CO. v. E. J. MANVILLE MACH. CO.

(Circuit Court of Appeals, Second Circuit. April 25, 1918.)

No. 235.

Appeal from the District Court of the United States for the District of Connecticut.

For opinion below, see 253 Fed. 59.

Before WARD, HOUGH, and MANTON, Circuit Judges.

PER CURIAM. Decree affirmed.

---

WATERBURY FARRELL FOUNDRY & MACHINE CO v. E. J. MANVILLE MACH. CO.

(District Court, D. Connecticut. September 13, 1917.)

No. 1464.

1. PATENTS ☞174—MINOR IMPROVEMENTS—CONSTRUCTION.
   Claims in patents for minor improvements in an art already well understood should be strictly construed.

2. PATENTS ☞246—INFRINGEMENT—OMISSION OF ELEMENTS.
   The omission of one element of a claim to a patent averts infringement.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. PATENTS ⟨⟩328—INFRINGEMENT—MACHINES.

Patent No. 1,108,958, for an improvement in die blocks used in° metal heading machines, *held* not infringed by patent No. 1,166,668, for an improvement in swinging die caps for heading machines.

In Equity. Bill by the Waterbury Farrell Foundry & Machine Company against the E. J. Manville Machine Company to enjoin infringement of a patent and for accounting. Bill dismissed.

Decree affirmed 253 Fed. 59, —— C. C. A. ——.

Philip Farnsworth, of New York City, for plaintiff.
Oscar W. Jeffery, of New York City, for defendant.

THOMAS, District Judge. This case arises on final hearing on pleadings and proofs on a bill of complaint charging infringement of letters patent of the United States No. 1,108,958, issued September 1, 1914, to Richard Lester Wilcox, assignor to the Waterbury Farrell Foundry & Machine Company, for new and useful "improvement in die blocks" used in metal heading machines. The bill asks for an injunction and an accounting. The answer denies the material allegations of the bill, and the defense is that the patent in suit, if construed so broadly as to include the defendant's structure, lacks patentable novelty, and, if strictly construed, as the defendant insists it should be, by reason of the prior art, the proceedings in the Patent Office, and the self-imposed limitations in the specification and the claims, it is not infringed.

The invention, as stated in the specification—

"relates to a die block of the type used in a heading machine for holding the dies, and has for its object, among other things, to so design and construct the several parts of the block that the body member thereof may be attached to the header, and not require removal therefrom to adjust the dies, or for any similar reason, and to connect therewith a cap or cover that may be readily moved into and out of its closed position, without separation from the body member, and with the minimum labor and inconvenience."

The patentee, in the specification, continues and says:

"My invention consists in the die block, having certain details of construction and combinations of parts, as will be hereinafter described and more particularly pointed out in the claims."

The claims alleged to be infringed are the first, third, and fourth, which are as follows:

"1. In a die block, the combination, with a body member, of a cap pivotally connected therewith, and means for securing said cap to said body member in its closed position."

"3. In a die block, the combination with a body member, having two walls at an angular relation to each other, of a cap, means for pivotally securing said cap to said body member, and threaded means for securing said cap to said body member when in its closed position.

"4. In a die block, the combination with a body member of a cap, means for inseparably and movably securing said cap to said body member, whereby it may occupy at different points of its movement a closed or an open position in relation to said body member, and means for securing said cap to said body member when in its closed position."

Thus it will be seen that the invention of the patent in suit is limited to a die block. The title of the invention is "die block." In the

specification, the patentee says he has invented "new and useful improvements in die blocks"; that the "invention　*　*　* relates to a die block"; that "my invention consists in the die block." And further on in the specification, in speaking of the prior art, he says:

"The prior art discloses generally two types of header die blocks, one type requiring removal of the block with its connecting parts, as a unit, from the header to have access to the dies, an operation requiring much labor and strength, and involving serious difficulties in the fine relative adjustment of the several parts; another type, differing only in that the body of the die block is held within the header while the cover or cap is removed therefrom."

The patent in suit is for an improvement on the latter type of block. That type of die block was patented to the patentee herein on August 13, 1912, by patent No. 1,035,400, which, according to the specification, related—

"to new and useful improvements in die blocks　*　*　* and has for its object　*　*　* to construct such a block, with readily detachable parts, so as to allow convenient and quick access to the dies without removal of the entire block from the machine."

The evidence in this case shows that the art of upsetting the ends of metal pieces by heading machines is very old. All headers have punches and dies, and blocks or other means for supporting and holding the dies while the punches are acting. The Wilcox patent, No. 1,035,-400, was for one particular means for supporting and holding header dies, to wit, a die block with a removable cover, and the Wilcox patent in suit is for an improvement on the die block, with the cover hinged thereto, instead of removable therefrom. In both patents, Wilcox pointed out a number of times that he had made an improvement in die blocks. This is the only thing he emphasized, and he obtained his patents based on claims for improvements in die blocks.

At the time the Wilcox patents were issued, the defendant was manufacturing and selling a heading machine, under the Campbell patent, No. 926,170, which had as one of its characteristics an integral die recess; that is, a recess for holding the dies formed directly in the walls of the frame. In this recess was a cover which was movable, so as to permit easy access to the dies without lifting the cover from the recess. No such thing as a die block was used in the Campbell machine. In 1914 the defendant adopted, and has ever since used, a cover for the dies which is hinged directly to the frame of the machine. This cover is turned up and out of contact with the dies, and down and fastened over them as desired; and it was for this structure, on the application of A. H. Gaess, that patent No. 1,166,668 was issued on January 4, 1916, to the defendant. This patent is for a "improvement in swinging die caps for heading machines." It is stated in the specification of this patent that the invention relates to a metal heading machine of the class shown in the Campbell patent, No. 926,170. In referring to this old type of machine, Gaess stated that the dies are "set into a pocket in the end of the frame, which pocket has end, side, and bottom walls integral with the frame, and a cap is placed in the pocket and bolted down on the top of the dies." The improvement which Gaess conceived was to hinge the cap directly to the frame, so the die recess could be opened without removing the cap from the machine, instead of, as in the Camp-

bell patent, having the cap slide on the frame, so the die recess could be opened without removing the cap from the machine.

When the Wilcox patent in suit was cited against the application of Gaess, the Patent Office properly allowed the patent to Gaess, for all the claims made by Wilcox were based on a die block having a body member and a cap hinged to said body member, whereas all of Gaess' claims were based on the combination with the frame, of the cap hinged to the frame, as will clearly appear from a reading of the first claim of the Gaess patent, which is as follows:

"1. The combination with the frame of a heading machine having a die pocket in one end, of the dies located in said pocket, and a cap hinged to the frame and adapted to be swung down and fastened in said pocket over the dies, or to be unfastened and swung back out of the pocket, so as to free the dies."

This claim described defendant's structure. It therefore appears that the complainant's and defendant's structures are not the same, and that the patent to Gaess was issued, not as an improvement over Wilcox's structures, but as an improvement on an entirely different structure, viz. a machine which has no die block, but has the die pocket in the machine frame. In other words, the Gaess patent was for an improvement on the structure shown in the early Campbell patent, whereas the Wilcox patent in suit is for an improvement on the die block of the Wilcox first patent.

In Thacher v. Transit Construction Co. (D. C.) 228 Fed. 905, this court said:

"Furthermore, the patentee must be presumed to have meant what he said. He has described a particular construction, and in his claim he has stated that it is this particular construction upon which he desired to secure a monopoly. Such self-imposed limitations are always recognized as precluding a patentee from showing that the invention is broader than his claims, and, if broader, he must be deemed to have surrendered the surplus to the public. Railroad Company v. Mellon, 104 U. S. 112, 119, 26 L. Ed. 639; White v. Dunbar, 119 U. S. 47, 51, 52 [7 Sup. Ct. 72, 30 L. Ed. 303]; McClain v. Ortmayer, 141 U. S. 419 [12 Sup. Ct. 76, 35 L. Ed. 800]."

[1] I cannot escape the conclusion that the defendant does not use a die block, and, not using a die block, it does not use the invention described in the specification and clearly defined by the patentee in the claims of the patent in suit. Claims in patents for minor improvements in an art already well understood should be strictly construed. American Graphophone Co. v. American Parlorgraph Co., 235 Fed. 137, 148 C. C. A. 631; Murray v. Greeno, 234 Fed. 91, 148 C. C. A. 107.

[2] The omission of one element of a claim averts infringement. Walker on Patents, § 349; Cimiotti v. American Fur Refining Co., 198 U. S. 399, 25 Sup. Ct. 697, 49 L. Ed. 1100; Hall Mammoth Incubator Co. v. Teabout, 215 Fed. 109, 131 C. C. A. 417; Underwood Typewriter Co. v. Royal Typewriter Co., 224 Fed. 477, 140 C. C. A. 163; Evans et al. v. Hall Printing Press Co., 223 Fed. 539, 139 C. C. A. 129.

[3] I am of the opinion that defendant does not infringe the claims of the patent in suit, and in view of this conclusion it is unnecessary to discuss the other claims made by counsel.

Let the bill of complaint be dismissed. Ordered accordingly.