## FAIRBANKS, MORSE & CO. v. AMERICAN VALVE & METER CO. et al.

Circuit Court of Appeals, Seventh Circuit.
September 13, 1928.

Rehearing Denied November 1, 1928.

No. 3934.

Fred L. Chappell, of Kalamazoo, Mich., and Howard M. Cox, of Chicago, Ill., for appellant.

F. A. Whiteley, of Minneapolis, Minn., for appellees.

Before ALSCHULER, PAGE, and ANDERSON, Circuit Judges.

ALSCHULER, Circuit Judge. ■ Plaintiffs (American Valve & Meter Co. et al.) brought suit against defendant (Fairbanks, Morse & Co.) for infringement of claims of Johnson patent, No. 818,968, April, 1906, and of Fenner Patent, No. 782, 496, February, 1905. The District Court held the claims of the Fenner patent void, and held valid and infringed claims 1, 21, and 38 of the Johnson patent. Plaintiffs ac-

cepted the decree as to the Fenner patent, leaving here in issue only these Johnson claims.

The same parties were before this court in 1917 in an action for infringement of the same claims, and we held the claims valid and infringed by the device there under consideration. 249 F. 234. Defendant then changed its structure, and the changed structure is the subject-matter of this suit. Defendant contends, inter alia, its present construction does not infringe.

On pages 234 and 235 of 249 F. appear the claims and Fig. 1 of the patent drawings, to which reference is hereby made. The column there held infringed is known as Sheffield standpipe No. 11. That in issue is No. 12. Both are illustrated as follows:

Sheffield No. 11 had the link attachment between the spout and a lower point on the standpipe to which it was pivotally attached. The attachment to the spout was at its upper end, which was not the same place described in the patent, and there was a pulley arrangement attached to the spout to assist in raising and lowering it. While lateral movement was not prevented, as in Johnson, we held that this structure of a spout, telescoping over a gooseneck nozzle, with links pivoted to the standpipe for directing the movement of the spout, transgressed the Johnson claims, and we directed entry of a decree accordingly.

Thereupon defendant built a column in which there was no connection whatever, by links or otherwise, between the spout and any part of the column below the gooseneck, save only a chain to limit the forward movement of the spout. To the top of the receiving end of the spout there was attached a wheel or roller, which rests on and rolls along the top, and facilitates the telescopic movement of the spout, at the same time assisting to give direction to its movement. Upon this difference of construction rests defendant's contention of noninfringement; while plaintiffs contend that defendant's mechanism falls fairly within the plaintiffs' range of equivalents.

In discussing the patent we said, in the earlier case:

"In Johnson's structure the co-operation of two new features is essential. One is the connection between the column nozzle and the spout. He made his nozzle in the form of an extended gooseneck, with a relatively flat downward curve. Over this he placed a spout whose rear portion, straight-lined, was of such diameter as to permit movement of the spout not directed or controlled by the gooseneck nozzle. * * * The other feature is the extended arm, pivoted at one end to the column at a point approximately opposite the middle point of the range of movement of the end of the spout, and rigidly affixed at the other end to the sides of the spout. * * * The first feature provides the capacity, and this second feature furnishes the means, of swinging the end of the spout in a substantially vertical line above the holes of tenders [locomotives] of varying heights."

These features are strongly emphasized in the specification, which describes the improvements to have application to "the type in which the spout is pivoted to the standpipe at a point below the end thereof and telescopes at its inner end loosely over the downward-turned end or nozzle portion of the standpipe."

The indispensable relation of the pivoted links to the scheme of the patent is further indicated by this quotation from the specification:

"As hereinbefore stated, a principal feature of the present construction consists in the peculiar manner of maintaining the

spout *3* on the standpipe *1* in such a way as to permit of the vertical swinging of the spout throughout the desirable arc of movement with but little lateral deflection of its outlet. To this end the spout is shown as carried by a latticed framework *7*, which is pivoted at its inner end to the oppositely-projecting lugs *8a* to the standpipe at a point *8* near the top of the latter, and approximately opposite the middle point of the arc the delivery end of the spout is usually required to describe in being adjusted to tanks of the average height."

The quite voluminous file wrapper history also manifests the essential relation to the patent of the supporting frame for the spout, pivotally attached to the standpipe.

This element, co-ordinately with that of the telescopic spout, is described and claimed in each of the claims in issue.

The patent is for an instrumentality, not a function. The function here achieved by the pivoted construction of the patent is the vertical descent of the spout. If the claims secured to Johnson means generally for achieving the vertical descent, they would cover any instrumentality whereby this function is brought about. But they cover only specific means, viz. such as are pivoted to the column and at their other end attached to the spout.

In the former case plaintiffs were not limited to the precise construction of the pivoting means which the specification described and the claims secured. While the movement there, as here, was assisted by pulleys, the links were present, pivoted at one end to the column, and at the other to the receiving end of the spout, supporting and guiding the spout in its telescopic movement.

But a different situation is presented where the pivoted attaching means is wholly wanting. We think it would be unduly stretching the doctrine of equivalents to hold that defendant's rolling mechanism for moving the spout upon and over the top of the nozzle, and its pulleys, are the equivalent of the pivoted link arrangement which is a distinctive element of these claims of Johnson's patent. Identity of result is not alone to be considered. There must also be substantial identity of means, and unless the claims may be construed to include any and all means whereby this function of vertical descent is effected, defendant's mechanism cannot be regarded as the equivalent of Johnson's pivoted links.

More need not be said to indicate our view that the absence from the accused structure of any connecting link or frame pivoted to the standpipe and attached to the spout, or of some fairly comparable mechanism, absolves the structure from the charge of infringement.

The decree is reversed, with direction to dismiss the bill for want of equity.