## DIRECTOPLATE CORPORATION v. HUEBNER–BLEISTEIN PATENTS CO.

Circuit Court of Appeals, Seventh Circuit.
June 12, 1929.

Rehearing Denied September 12, 1929.

No. 4173.

Frank Parker Davis, of Chicago, Ill., for appellant.

Samuel W. Banning, of Chicago, Ill., for appellee.

Before ALSCHULER, EVANS, and ANDERSON, Circuit Judges.

ALSCHULER, Circuit Judge. The appeal is from a final decree awarding relief on a finding of infringement of claim 12 of United States patent No. 1,291,897 to Huebner, January 1, 1919, for an "apparatus for positioning the printing-plates on the plateholders of photographic-printing apparatus."

In an original suit between the same parties, upon the same patent, this claim was by this court held valid, and to be infringed by the so-called Koppe device there in issue. (C. C. A.) 25 F.(2d) 96. In the opinion in that case the discussion of claim 12 begins on page 101, and that opinion is here referred to for statement and discussion of the claim, and description and comparison of the devices there considered.

After our decision of that appeal, appellee herein filed in the District Court its supplemental bill of complaint, charging that appellant was making another device called "Simplex," which was alleged to be likewise an infringement of the Huebner patent, and asking injunction and accounting, which the decree gave.

"Simplex" consists of a base which supports a plate of glass, over which there is laid a rectangular frame holding tautly a thin sheet or film of transparent celluloid, the frame being also provided with a pair of

dowel pins accurately machined to engage corresponding holes in a superposed negative frame or plate holder similar to the plate holder of the Koppe device. The purpose of the film is to locate thereon certain points corresponding with registry marks made upon a superposed photographic negative, so that every other negative of the same series and having the same registry marks may be brought into registry with the marks made upon the film, and in each case, while in such registry, clamped within the plate holder. Thus each of the negatives of the same series will be similarly positioned when within its holder; and the holder or frame, while containing the negative so positioned therein, is ready to be transferred to the photographic reproducing apparatus, with which the patent is not concerned.

Each of the negatives of the series is designed to produce ultimately so much of the image to be reproduced as is represented by one of its colors, and the object of the patent, as may be inferred from its title, is to position on or in negative plate holders the different negatives of the series, so that each will occupy the same position in its plate-holding device.

It may be assumed that the usual marks on the "Simplex" film are two lines, parallel to the respective sides of the frame, and intersecting at right angles approximately at the center of the plate holder area.

In the former opinion we held that Koppe's underlying mechanism of point-carrying blocks, with fine threaded right and left screw arrangement for moving the blocks toward and from each other in fixed line of movement, was the mechanical equivalent of Huebner's overlying movable registering fingers slidably mounted upon an upper frame.

Appellant contends that by its elimination of the movable blocks and of all other mechanism for registering, "Simplex" no longer responds to claim 12; also that in the employment of the film, "Simplex" is constructed under the teachings of the prior art rather than those of Huebner's patent.

For appellee it is contended that this court held the Huebner patent to be of primary scope, and his range of equivalents broad enough to include a device of such "striking dissimilarity" as the Koppe machine, and that therefore claim 12 is sufficiently broad to include "Simplex."

Our statement in the former opinion was that certain prior art did not "serve to detract from Huebner as a primary inventor, nor to narrow the application of his claim."

These words, having reference, of course, to the mechanisms with which we were there dealing, seem to have inspired extreme contentions of counsel respecting the inclusiveness of the claim, and to have likewise made the District Court more ready to accord the claim unduly broad scope.

Does this device, with its complete absence of mechanism for bringing about the registry, respond to claim 12 of the patent? It is evident from the former opinion that it was what we there denominated the "fifth" element of the claim, which gave us most concern. This element is here likewise the storm center of the controversy. Of it we said before, "it is not entirely clear just what is meant by relative movement between the registering device and holder for removably locating registering device adjacent the face of the printing plate in predetermined relation to the plate holder." We must admit that, notwithstanding the very able briefs and arguments of counsel, and even the learned and exhaustive opinion of the District Court, our comprehension of the meaning of this element of the claim still falls short of that degree of clarity which is always "devoutly to be wished" by those on whom devolves the duty to make decision.

If we were then substantially correct in assuming there "that the registering device adjacent the face of the printing plate is found in the movable fingers of the device which contact with it," does not the conclusion follow that the "means whereby a relative movement may be effected between the registering device and the holder" in the patent are found in the mechanism shown for supporting the fingers in the overlying frame, and enabling them to slide in fixed course along the frame? It was then our view that Huebner was not limited to specific mechanism shown for bringing about the registration, and that although the frame was entirely absent in Koppe, and the mechanism Koppe showed was beneath the negative instead of over it as in Huebner, nevertheless Koppe's mechanism for moving the operative parts into registering relation was fairly within Huebner's concept, and infringed claim 12 of his patent.

Whether or not we properly subdivided claim 12, or placed the proper construction upon element "five," we feel justified in assuming that, notwithstanding the want of clarity in claim 12, it presupposes an invention for *mechanically* positioning a plate within or upon a holder so that the successive plates of a series would be in the same registry. An examination of the record indicated

that this had not before been *mechanically* done, and we were then, and are now, satisfied that the invention and the claim, notwithstanding the want of clearness in the latter, are clear enough and broad enough to include the registering mechanism of Koppe for achieving the same result.

But it seems plain to us that registering *mechanism* is the very essence of Huebner's patent, while in "Simplex" the registering *mechanism* is entirely absent. The registry marks on the negative are manually aligned with the lines drawn on the film, and in this position the negative is locked in the plate holder. In the absence of this essential element "Simplex" fails to respond to claim 12. Fairbanks, Morse & Co. v. American Valve & Meter Co. (C. C. A.) 31 F.(2d) 103.

The practice of suitably positioning the various plates of a series for color printing, by the employment of a transparent film or sheet, was pointed out in Cohen's patent, No. 565,153, August 4, 1896, for an "Implement for Obtaining Correct Register in Color Printing." He describes a sheet of transparent material, called "register sheet," held upon a support and adapted to be readily placed in a determined position over a "stone or block or plate." Upon the sheet are then marked the registry points or "key marks" which appear upon one of the plates or stones of the series, and the key marks on each one of the series are then successively brought into registry with the marks thus made on the transparent sheet, the stone or plate being adjusted and held "by means of the ordinary adjusting screws, until the key marks on said stone or block or plate are immediately under those on the register sheet."

This seems quite simple, but it is practically all there is to "Simplex," except that in the latter the film is below the negative, while in Cohen it is above. Cohen was dealing with stones and plates which were opaque, while "Simplex" deals with negatives through which the registry lines on the film are visible. In both the problem of registry is the same, viz., to effect accurate registry in the completed print of the various parts of the image as they appear upon the several plates or negatives. From the viewpoint of invention, the principle, as well as the operation, is quite the same in "Simplex" as in Cohen.

Huebner testified that with the Cohen device the different plates of a given series might be accurately registered, except for the fact that atmospheric conditions would cause the film to contract and expand, and the points or lines thereon would not remain constant, and thereby exact registration would be impossible. This would no doubt be a serious objection; but whether serious or trivial, or not at all well grounded, "Simplex" employs a film in substantially the same relation as Cohen. The drawing of lines upon the film, in lieu of the marks which Cohen describes, does not materially differentiate "Simplex" from Cohen; and we are of the opinion that Cohen's disclosure stands in the way of the inclusion of "Simplex" within Huebner's range of equivalents.

Entertaining these views, we are unable to concur in the decree of the District Court, which is accordingly reversed, with direction to dismiss the supplemental bill for want of equity.