## GARDINER et al. v. FREED HEATER & MFG. CO.

### No. 7032.

Circuit Court of Appeals, Third Circuit.

Nov. 21, 1939.

J. Stanley Preston, of Jeffery, Kimball & Eggleston, and Oscar W. Jeffery, both of New York City, for appellants.

Isaac Ash, of Philadelphia, Pa., and Thomas A. Hill, of New York City, for appellee.

Before BIGGS, MARIS, and CLARK, Circuit Judges.

BIGGS, Circuit Judge.

The appellants sued Freed Heater & Manufacturing Company, the appellee, charging infringement of claims 21, 22, 24 and 26 [1] of United States Letters Patent No. 1,886,577, issued to Adolph Ousdahl

[1] The claims under consideration are as follows:

"21. In a coal burning apparatus, the combination with a substantially annular burner, means for feeding the coal thereto comprising means for forcing the coal upwardly through the center opening in the burner, the solid material thence passing outwardly and the ashes discharging from the burner substantially uniformly throughout substantially the entire periphery thereof, and means provided with a localized opening to receive the ashes transported by the sweeper hereinafter mentioned, of a sweeper revolvable, around a vertical line passing through said center opening of the burner, in an annular path to which the ashes so discharging from the burner find their way, and means for revolving said sweeper in said path.

"22. In coal burning apparatus, the combination of a substantially circular burner, a stationary casing surrounding the vertical center line of said burner and co-operating with said burner to form an air chamber from whence combustion air passes to the fuel on the burner, means for feeding coal to the center of the burner, whence the solid material passes outwardly and the ashes are discharged from the burner substantially throughout the entire periphery thereof, a rotatable ring mounted on said stationary casing for rotation around said vertical center line, means for rotating said ring, and an ash sweeper carried by said ring for revolution in a path to which the ashes from the burner find their way, and means provided with a localized opening to receive the ashes transported by said sweeper.

"24. In a coal burning apparatus, a stationary upwardly open casing member, a stationary upwardly open cup therein, spaced from a surrounding wall of said casing member to provide a space for the passage of combustion air to the burner hereinafter mentioned, a burner having a center opening to receive coal passing upwardly from said cup and extending from above the edge of said cup across said space between said cup and said wall of the casing member, means for forcibly feeding fuel both into a side of said cup and thence upwardly to said burner, the solid material thence passing outwardly and the ashes discharging from the burner substantially throughout the entire periphery thereof, a ring rotatably mounted on said casing member for rotation around a vertical line passing through said center opening of the burner, means for rotating said ring, and an ash sweeper mounted on said ring for revolution thereby in a path to which ashes from the outer edge of said burner find their way, and means provided with an opening for ashes transported by said sweeper.

"26. In a coal burning apparatus, in combination, apparatus at which the coal is burned including an underfed grate and a member rotatable around a vertical line passing through said grate, a coal conveyor for forcibly feeding coal upwardly through and over said grate, means for rotating said rotatable member, an ash sweeper, carried by said rotatable member, in the path of the ashes falling from said grate, and means provided with a localized opening to receive the ashes transported by said sweeper characterized by the fact that the burned ashes are free to pass to the periphery of said grate, under the thrust of fresh coal fed by said coal conveyor, substantially the whole of said periphery, and are free to fall therefrom, throughout substantially the whole of the periphery of the grate as and when they are thrust to the grate periphery by the thrust of the fresh coal."

upon an application filed upon February 10, 1925. The court below found there was no infringement and dismissed the bill of complaint. The appeal at bar followed.

The patent is for a coal burning apparatus, an automatic coal stoker to be installed in a furnace. The specification states: "The present invention is concerned with the means for handling and burning the fuel after it has been delivered by the feed screw 8 into the fire pot, and the means for removing ashes from the burner itself." Ousdahl goes on to say that a cup is formed within a casing and that the feed screw delivers coal from the bottom of the cup, advancing it upward into the fire pot by the pressure of the oncoming fuel from beneath. This is the portion of the device devoted to handling and burning the fuel.

Turning now to the second part of the device, that dealing with means for removing the ashes from the burner, the patent specification states in part, omitting reference to numbers, "The coal as it burns forms ashes which by the addition of fresh coal from the bottom of the burner-pot, are pushed outward over the edge of the burner whence they pass * * * substantially uniformly around the circumference * * * of the burner. I provide a ring having a peripheral flange upstanding therefrom to receive these ashes. The ring is positioned below the edge of the grate and all ashes forced over this edge fall upon the ash-receiving ring. Inasmuch as the burner rotates, it is possible by providing one or more sweepers or scrapers, pivoted upon the grate, to cause this scraper to move over the ring * * * in an annular path to which the ashes from the burner find their way and to sweep the ashes in front of it. Then by providing a localized opening or hole in the bottom of the ring communicating with a spout the ashes may be swept around to the spout and dropped therethrough into position to be carried away by the screw * * *".

All of the four claims in suit refer to a path into which the ashes fall from the burner and to a sweeper designed to move through this path. Three of the four claims refer to a "localized opening" into which the ashes are to be swept by the sweeper to the end that they may be removed from the burner. The fourth claim refers to an "opening" for this purpose as distinguished from a "localized opening". If the four claims are read upon the specifications of the patent and with reference to its drawings, it is apparent immediately that by the "localized opening" or "opening" of the claims is meant an opening in the ash trough, that opening leading by some means, such as a spout, to the ash conveyor.

In the appellee's device in like manner a screw conveys coal which is forced up into an annular burner. There is also an ash sweeper mounted upon a ring revolving around the burner and below it upon the fire box floor a conveyor in a conduit to carry off the ashes. The appellant contends that the opening of this conduit is the equivalent of the localized opening or opening disclosed by the patent in the annular pathway around the burner and that the "path" of the claims finds its equivalent in the circular formation of the ashes heaped up in the fire box around the burner. In the appellee's device, however, the ashes simply spill over the edges of the burner and fall down into the fire box, the sweeper moving around the burner and leveling the fallen ashes, pushing some of them toward the mouth of the conduit and the conveyor. There is neither ash trough nor opening in the sense that the patent specifications or the claims sub judice employ those terms.

The claims sub judice are combination claims and there is no infringement since claimed elements of Ousdahl's device have been omitted in the appellee's mechanism and there are no substituted equivalents in the alleged infringing machine. Fairbanks, Morse & Co. v. American Valve & Meter Co., 7 Cir., 31 F.2d 103, 105; Chester-Pollard Amusement Co., Inc. v. Popular Games, Inc., 8 Cir., 34 F.2d 409, 412; McKays Co. v. Penn Electric Switch Co., 8 Cir., 60 F.2d 762, 768, 771; Stearns-Roger Mfg. Co. v. Greenawalt, 10 Cir., 62 F.2d 1033, 1039; Dillon Pulley Co. v. McEachran, 6 Cir., 69 F.2d 144, 147; Bailey v. Galion Iron Works & Mfg. Co., 4 Cir., 80 F.2d 805, 807; Russell Grader Mfg. Co. v. F. B. Zeig Mfg. Co., 6 Cir., 259 F. 575, 577; Walker on Patents (Deller's Edition, 1937) Sec. 461, and cases there cited. It is also apparent that the appellant's device is different in construction and action in the respects indicated from that of the appellee and, construction and action in the two machines must coincide if a charge of infringement is to be sus-

tained. Lektophone Corporation v. Western Electric Company, 2 Cir., 16 F.2d 10, 12.

Accordingly the decree of the court below is affirmed.