### AMERICAN SEATING CO. v. IDEAL SEATING CO.
### No. 23.

District Court, W. D. Michigan, S. D.

Feb. 8, 1940.

Rice & Rice, of Grand Rapids, Mich., for plaintiff.

Frank E. Liverance, Jr., and Lloyd C. Root, both of Grand Rapids, Mich., for defendant.

RAYMOND, District Judge.

### Findings of Fact.

1. This suit is for alleged infringement of United States Letters Patent No. 2,046,649, granted July 7, 1936, to American Seating Company, plaintiff herein, upon the application of Henry P. Nordmark, the patent relating to chairs.

2. American Seating Company, plaintiff, is the sole owner of Letters Patent No. 2,046,649.

3. Claims 1, 2, 3 and 4 of said patent No. 2,046,649 are the claims relied upon by plaintiff and charged to be infringed. These claims read:

"1. In a chair back: comparatively rigid forward and rearward sheet members forming the frame of the back; retaining elements held between said members adjacent the parallel edges thereof having forwardly extending lugs; a rim extending around the edge of the rearward member and turned over the front side thereof into engagement with the inner side of said elements; an upholstery sheet in front of the forward member having its edge portion turned over the edge thereof and between said members; means for fastening said members together with the edge portion of the upholstery sheet clamped between them.

"2. In a chair back: comparatively rigid forward and rearward sheet members forming the frame of the back; retaining elements held between said members adjacent the parallel edges thereof having forwardly extending lugs; a rim extending around the edge of the rearward member and turned over the front side thereof into engagement with the inner side of said elements and having a flange engaging the rear side of the rearward member; an upholstery sheet in front of the forward member having its edge portion turned over the edge thereof and between said members; means for fastening said members together with the edge portion of the upholstery sheet clamped between them.

"3. In a chair back: comparatively rigid forward and rearward sheet members forming the frame of the back one of said members having sockets in its inner side; retaining elements seated in the sockets having forwardly extending lugs; a rim extending around the edge of the rearward member and turned over the front side thereof into engagement with the inner side of said elements; an upholstery sheet in front of the forward member having its edge portion turned over the edge thereof and between said members; means for fastening said members together with the edge portion of the upholstery sheet clamped between them.

"4. In a chair back: comparatively rigid forward and rearward sheet members forming the frame of the back one of said members having sockets in its inner side; retaining elements seated in the sockets having forwardly extending lugs; a rim extending around the edge of the rearward member and turned over the front side thereof into engagement with the inner side of said elements; an upholstery sheet in front of the forward member having its edge portion turned over the edge thereof and between the retaining elements and the inner side of the forward member; means for fastening the retaining elements on the inner side of the forward member with the edge portion of the upholstery sheet held therebetween; means for fastening said members together with the edge portion of

the upholstery sheet clamped between them."

4. The patent in suit relates to chairs, particularly such as used in theaters and, more particularly, relates to backs for chairs. The structure illustrated, and to which the alleged invention relates, comprises a back panel at the rear side of the chair back, at the front side of which is an upholstery construction or unit consisting of a second panel located directly in front of the back panel, the front side of the second panel being covered with upholstering padding which in turn is covered and held in place by a covering upholstery sheet, the edge portions of which are turned around the edges of said second back member and to the rear side thereof and permanently secured. The back panel has screws passing forwardly therethrough into the panel member of the upholstery construction. The back panel is provided with a rim of metal which covers and embraces its upper and side edges, of generally channel shape in cross section and which is disclosed as secured in place by two different specific means. One is by means of circular retaining elements seated in sockets in the forward side and spaced a short distance from the edges of the back panel, said retaining members at their outer sides having tongues extending forwardly to engage with and over one of the flanges of said rim, which flange of the rim is of curved form or a bead. In the alternative construction the retaining elements are permanently secured to the back of the panel member of the upholstery unit, and the upper end portions are turned forwardly to engage with said curved or bead-like flange of the rim.

5. In both forms disclosed in the patent as embodying the alleged invention, the upholstering unit is of functional value in helping to retain said rim in place against detachment from the back panel. Removal of such upholstery unit is detrimental to the attachment of the rim to the panel. The upholstery unit by its connection to the back panel, enters into a cooperating relationship with the retaining elements which immediately engage the rim, which co-operating relationship is destroyed if the upholstering unit is disconnected and taken from the back panel.

6. Since the issuance of the patent in suit and prior to the bringing of the suit, plaintiff served and defendant received formal notice of infringement of patent No. 2,046,649.

7. Defendant has, since the issuance of patent No. 2,046,649, and prior to the commencement of this suit, manufactured and sold chair backs exemplified in the structure in evidence as Plaintiff's Exhibit 2.

8. The ultimate and final result, mode of operation and means contrived and which are found in the combinations defined by the claims in issue are the product of the joint action of all the elements of the combination defined in said claims.

9. The construction which defendant has made and sold, exemplified in Plaintiff's Exhibit 2, has a rim at the front and side edges of a back panel which is permanently and securely connected with said back panel whereby the back panel with the rim attached is complete and requires no additional means or element to help secure the rim to the back panel, such as an upholstering unit.

10. The upholstering unit which is attached at the front side of the back panel in defendant's structure exemplified in Plaintiff's Exhibit 2, is merely an addition to a complete back panel with securely attached rim. Such upholstering unit is not needed or required to be used to permanently and securely connect the rim to the back panel.

11. The permanent attachment of a covering, protective and decorative metal rim at the edges of a body by means of retaining elements engaging with a curved bead of the rim or molding to be attached, and said retaining elements permanently affixed to the body, to the edge of which the molding or rim is applied, is old in the prior patent to Woolson, No. 1,862,131, Defendant's Exhibit G.

12. Chair backs which include a back panel without any covering and decorative rim at its edges, and with an upholstering unit identical with that of the patent in suit, secured thereto by the same means disclosed in the patent in suit, and with the edges of the upholstering sheet clamped between said back panel and the back member of the upholstering unit, are old and were made and sold many years prior to the filing date of the Nordmark patent in suit.

13. The Nordmark patent in suit as to its structure disclosed, and the defendant's chair back, as to its structure exemplified in Plaintiff's Exhibit 2, secure the rim

which is used around the edges of the back panel in place by substantively different means. In the patent in suit, the permanent connection of the rim to the back panel requires the use and a securing of the upholstering unit in place, in the first form shown in Figs. 1, 2 and 5, to provide "an additional means of securing the rim to the panel" and to prevent the retaining elements "from being removed from the back", as testified by the plaintiff's expert witness. In the second form the upholstering unit must be used because the rim retaining elements are permanently secured thereto.

In defendant's structure the upholstering unit does not serve as an additional means of securing the rim to the panel, nor is it used to prevent the retaining elements which defendant uses, from being removed from the back.

14. The Nordmark patent in suit, as to its claims 1, 2, 3 and 4 relied upon, in order to save it from invalidity, must be interpreted and construed to those elements alone which give it novelty, which novelty is, in the functional co-operative relation served by the upholstering unit in connection with the other elements of construction, to produce the desired result of securing and holding the rim in place. And when so construed and interpreted, the structure made by defendant, exemplified in Plaintiff's Exhibit 2, does not infringe.

### Conclusions of Law.

1. The patent in suit is for a very narrow improvement in the art of chair backs, is narrowly restricted by reason of the prior art, and to be saved from invalidity must be interpreted substantially to the exact disclosure made.

2. A finding of infringement requires substantial identity between the invention covered by the patent and the accused infringing structure. Defendant's structure is an aggregation. The patent in suit is a combination, and, when construed as it must be to save it from invalidity, includes the functional co-operation of the upholstering unit with the remaining elements of the claims. There is not substantial identity and therefore no infringement exists.

3. Defendant is entitled to a dismissal of the bill of complaint for want of equity.

4. Defendant is entitled to judgment against plaintiff for costs of suit.

The findings of fact sufficiently indicate the basis for the conclusions of law filed herewith, and only brief comment by way of opinion is required.

It is conceded that it was not novel in the construction of chair backs to cover the raw edges of a sheet of upholstery turned over the periphery of one panel with another panel; also, that it was not novel to provide a panel having a decorative and protective rim secured to its periphery; and that there would be no valid patentable combination by combining two such structures. It seems clear therefore that each of the plaintiff's claims must be considered as drawn to a combination with all of the elements functioning co-operatively to produce a novel and useful result. Interpretation of the claims in the light of the specifications and drawings indicates that the essence of the inventive step claimed resides in the means for attaching the rim in place, and that the combination claims possess validity only so far as the combination of elements produces results which are the production of the combination and not of a mere aggregation.

Assuming the validity of the claims relied upon by plaintiff, it is clear in view of the prior art that only a narrow range of equivalents comes within their scope. It is well recognized that omission in the alleged infringing device of claimed elements of the patent without substituting equivalents avoids infringement; in other words, that a combination patent is infringed only if the defendant used the combination of the same elements co-operating in accordance with the same principle and that infringement cannot be predicated upon the fact that defendant secures similar results by other means. Cimiotti Unhairing Co. v. American Fur Refining Co., 198 U. S. 399, 25 S.Ct. 697, 49 L.Ed. 1100; Brandtjen & Kluge v. Joseph Freeman, Inc., 2 Cir., 89 F.2d 25; Jensen-Salsbery Lab. v. O. M. Franklin B. Serum Co., 10 Cir., 72 F.2d 15; Gardiner v. Freed Heater Mfg. Co., 3 Cir., 107 F.2d 364; General Electric Co. v. Parr Electric Co., D. C., 21 F.Supp. 471.

The means used in plaintiff's patent and in the defendant's structure for securing the protective metal strip in place are not substantially identical. In plaintiff's structure, the upholstering element must be recognized as an additional means of securing the rim to the panel. The metal discs which function as retaining elements for the rim are held in place both by frictional contact with sockets and by the up-

holstering unit. Defendant's retaining elements are secured .to the forward surface of the rear panel by prongs which penetrate the surface of the wood rather than by frictional retention. It appears to the court that the defendant in attaching the rim permanently to the back panel has adhered to well-known prior art. In any event, there is not present in defendant's structure that substantial identity essential to establish infringement, for defendant does not utilize the upholstering element as a means of aiding in holding the rim to the panel. In defendant's structure the rim is secured to the panel as effectively without the upholstering unit as with it. Only by eliminating the upholstering unit as a functionally co-operative element in plaintiff's disclosure could a charge of infringement by defendant's structure be sustained. A judgment will accordingly be entered dismissing the complaint.